(121 So. 66)

## CORINTH BANK & TRUST CO. v. COCHRAN. (6 Div. 301.)

Supreme Court of Alabama. March 21, 1929.

Williams & Chenault, of Russellville, for appellant.

Ernest B. Fite and K. V. Fite, both of Hamilton, for appellee.

BOULDIN, J. The holder of collaterals to secure a loan, whether a banker or

other lender, has the unquestioned power to select agents to collect and invest them with such authority as he shall determine. He may authorize the collection of collaterals still in possession of the principal. However unbusinesslike it may be, he may confer on his debtor and the indorser of such collaterals full power to make collections without possession thereof. No writing is essential to the creation of such agency. It may be proven in the same way as other issues of fact; the evidence being weighed in the light of all the circumstances and under recognized rules for passing upon the weight of evidence. While agency cannot be shown by the declarations of an alleged agent, he is a competent witness on that issue as other persons. Corinth Bank & Trust Co. v. Wallace (Ala. App.) 117 So. 618;[1] Caton v. Andalusia National Bank, 216 Ala. 415, 114 So. 75; Thompson v. Ware, 200 Ala. 624, 76 So. 982; Lawler v. Corinth Bank & Trust Co., 218 Ala. 352, 118 So. 666; Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502.

█ The cashier of a bank is its chief executive officer in the conduct of the ordinary business of the bank; this includes the collection of loans, naming and prescribing powers of collecting agents, and the handling of collaterals for loans. In such matters he is the alter ego of the bank; his powers being similar to those of the general manager of a corporation in dealing with the public. First National Bank of Birmingham v. First National Bank of Newport, 116 Ala. 520, 22 So. 976; Montgomery Bank & Trust Co. v. Walker, 181 Ala. 368, 61 So. 951; Navco Hardwood Co. v. Bass, 214 Ala. 553, 557, 108 So. 452; 7 C. J. p. 549, § 160, and notes.

█ These are common-law rules, not peculiar to the statutes of Alabama; they are presumed to obtain, in the absence of proof to the contrary, in other states, like Mississippi, of common-law origin. We need not inquire whether persons dealing in Alabama with an Alabama agent of a Mississippi bank would be charged with the duty to make inquiry as to any limitation on the powers of a cashier under Mississippi law, if such there be.

█ A letter properly addressed, stamped, and mailed is presumed to have been received in due course. Evidence denying the receipt of the letter does not render evidence of its mailing inadmissible. Neither is conclusive. Whether it was so mailed and received becomes a jury question. Calkins v. Vaughan, 217 Ala. 56, 59, 114 So. 570.

This disposes of the material questions presented on this appeal, although raised in various ways and covered by very numerous assignments of error.

No question is presented as to the weight of the evidence.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

