"3. The oyster is the weakest during the spawning season.

"4. Oysters can be tonged satisfactorily from the White House Reef."

Each of these four points were contested by appellants and probably the more credible testimony was counter to each of them, but, assuming the matters were proven, still the injunction should not have been issued in view of the authorities cited supra.

The effect of the injunction issued by the court below was to prohibit that which is by statute left to the judgment and discretion of the director of the department of conservation. The pleadings and proof fail to establish that such judgment or discretion was improperly exercised.

The decree appealed from is reversed, and one is here rendered dismissing the appellees' bill and dissolving the injunction.

Reversed and rendered.

LAWSON, GOODWYN and MAYFIELD, JJ., concur.

MAYFIELD, Justice.

This is an appeal from a decree of the Circuit Court of Barbour County, in equity. The appellee had previously recovered a judgment at law against James McCain for loss or damages on account of personal injuries sustained by his minor daughter, for which, it was claimed, McCain had in effect as of the date of the injury, a policy of liability insurance covering said damage. The bill of complaint was brought by the judgment creditor against the defendant and his insurer, under the provisions of § 12, Title 28, Code of 1940.

This is a companion case to that of Boston Insurance Co. v. Rash, Ala., 82 So.2d 177. The issues involved are identical; both claims arose out of the same accident. The decision in that case is conclusive of the issues here involved, and we have no course other than to follow that opinion.

Reversed and rendered.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

82 So.2d 181

**BOSTON INSURANCE CO.**

v.

**A. C. RASH.**

4 Div. 831.

Supreme Court of Alabama.

Aug. 18, 1955.

82 So.2d 177

**BOSTON INSURANCE COMPANY**

v.

**Delores RASH, pro ami.**

4 Div. 825.

Supreme Court of Alabama.

Aug. 18, 1955.

Huie, Fernambucq & Stewart, Birmingham, and Grady G. Cleveland, Jr., Eufaula, for appellant.

Grubb & LeMaistre, Eufaula, and Crews Johnston, Clayton, for appellee.

