251 So.2d 220

**William H. HARRELL, a Minor, and Willie Harrell, etc.**

v.

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, a Corporation.**

**4 Div. 406.**

Supreme Court of Alabama.

July 22, 1971.

Tipler, Fuller & Melton and W. Scears Barnes, Jr., Andalusia, for appellants.

Powell & Sikes, Andalusia, for appellee.

HARWOOD, Justice.

On 30 November 1968, the Alabama Farm Bureau Mutual Casualty Insurance Company, hereinafter referred to as the insurer, issued an automobile liability insurance policy to Colonia Berry. On 3 August 1969, Frederick Berry, the son of Colonia Berry, while driving Colonia's automobile, was involved in a collision with another vehicle. As a result of this collision two suits were filed against Frederick Berry, one by William Harrell, a minor, and the second by Willie Harrell, the father of William Harrell. A demand was made upon the insurer to defend the suits, and to pay any damages assessed within the limits of the policy. The insurer refused the demand on the ground that the policy had been cancelled prior to the collision. The insurer thereafter filed a declaratory action in the Circuit Court of Covington County, Alabama, in Equity, to have a declaration made that the policy had been cancelled prior to the collision and that it was under no duty to defend the two suits or to pay any damages assessed. The two Harrells, plaintiffs in the suits against Frederick Berry, and Colonia Berry, were named as respondents.

After a hearing the Chancellor entered a decree finding that the policy had been cancelled and adjudged and decreed that the insurer was under no obligation to defend the suits or to pay any judgment arising out of the suits.

Thereafter William H. Harrell, and Willie Harrell perfected this appeal from said decree.

The evidence introduced at the hearing below tends to show that on 3 November 1968, Colonia Berry made application for insurance coverage to Jim Martin, agent for the insurer in Andalusia, Alabama. On the application Colonia Berry was listed as the 100 per cent driver of the automobile to be insured. Her 16 year old daughter, Yvonne Berry, was listed as a member of her family, but as a non-driver. Frederick Berry was not listed on the application. Colonia Berry's address was shown as Route 1, Box 16, Butler, Alabama.

The policy was issued on 12 December 1968. It provided liability insurance of $10,000.00 for damages to one person, and $20,000.00 if more than one person was injured.

Premium for the liability coverage was $16.20, this being a special rate allowed Colonia Berry because she was a school teacher. Other coverages were included in the policy and the total premiums for all coverages were $30.70.

The policy was for six months and in effect for the period 30 November 1968 to 30 May 1969, with a ten day grace period after its expiration during which the policy could be reinstated upon payment of the required premium.

On 2 June 1969, Colonia Berry paid a renewal premium of $16.20 on her liability coverage to the Andalusia agent and a receipt was issued to her for this amount.

One week later, on 9 June 1969, Colonia Berry made a supplemental application for insurance. On this application her son Frederick Berry aged 19, was listed as a 50 per cent driver of the automobile, as was Colonia Berry. Her daughter Yvonne Berry was listed as a non-driver. Again Colonia Berry's address was shown as Route 1, Box 16, Butler, Alabama. This supplemental application was forwarded to the home office of the insurer for reclassification and re-rating.

On 12 June 1969, a supplemental policy effective 9 June 1969, was issued by the insurer to Colonia Berry. According to the testimony of Bill Oswalt, Vice President of the insurer, in charge of underwriting, a bill for $62.42 for an additional premium was inclosed in the envelope with the supplemental policy and mailed to Colonia Berry. The higher premium was for the extension of the coverage to Frederick Berry as a 50 per cent driver of the insured automobile. A copy of the supplemental policy was also mailed to Jim Martin, insurer's agent in Andalusia.

The supplemental policy was the same as the original policy except that the six months premium was $81.90 rather than the lower premium charge for the original policy. The expiration date of the supplemental policy was 30 November 1969.

The $16.20 paid by Colonia Berry on 2 June 1969 would have kept the supplemental policy in force at its increased premiums through 13 July 1969.

On 18 July 1969, Bill Oswalt, as Vice President of the insurer, and with authority to cancel policies, wrote a letter to "Colonia Berry, Rt. 1, Box 16, Butler, Alabama" with the salutation, "Dear Mr. Berry." The letter stated that because the full amount of the premium to keep the policy in effect had not been received, the policy was cancelled effective 12:01 A. M., 28 July 1969. The letter further stated that the policy could be reinstated effective as of the date a premium was received either in the home office or by a local agent. No further premium was ever paid by Colonia Berry.

As to the mailing procedures followed by the insurer, the evidence shows that cancellation letters are signed by Mr. Oswalt. The letter is placed in a sealed envelope and together with a copy it is sent to the mail room. Victor Pool is the insurer's mail clerk, and was such clerk on 18 July 1969. After comparing the address of the copy with the address on the envelope, the sealed envelope is stamped by Pool with proper postage and he places a five cent proof of mailing stamp, apparently by meter, on the copy. He then stamps "Mailed" on the copy, and places his initials on the stamp. The sealed envelope and the copy are then taken to the Green Lantern Branch of the Montgomery Post Office and delivered to a mail clerk. The mail clerk compares the address on the envelope with the address on the copy of the letter, and if the two correspond the mail clerk rubber stamps on the copy a circular stamp with the date in the center. The copy is then returned to Pool, and the stamped sealed envelope with return address thereon is sent to the Montgomery central Post Office for transmission to the addressee.

Julian C. Brown testified that three proof of mailing stamps are kept in the Green Lantern Branch Post Office, of which he is superintendent. He locks them in the safe when the Post Office is closed, and none has ever been lost or misplaced.

The copy of the letter of cancellation, the 5 cent proof of mailing stamp, the stamp placed by insurer's mail clerk Pool, and the circular proof of mailing stamp placed

by the postal clerk thereon, all bear the date 18 July 1969.

All of the witnesses testified that the procedure outlined above was the one followed in connection with the letter of cancellation, though they had no recollection as to any specific letter. We observe here that the stamps on the copy fully corroborate the witnesses.

A copy of the letter of cancellation was mailed to and received by Bill Martin, insurer's agent in Andalusia. Martin testified that when Colonia Berry reported the accident on 9 August 1969, he asked her if she had not received the notice of cancellation and she replied she had not.

In her sworn answer to the complaint, Colonia Berry averred she had never received the notice of cancellation.

The cancellation provision in the policy reads in part:

"The Company may cancel this policy by written notice, addressed to the insured named in the declaration and mailed to the address shown therein, stating when not less than ten days thereafter cancellation shall be effective. Such notice of cancellation shall be sufficient notwithstanding the death of the insured named in the declarations.

"The mailing of the notice shall be sufficient proof of notice and the effective date and hour of cancellation stated therein shall become the end of the policy period. Delivery of written notice shall be equivalent to mailing."

The case was tried under the provisions of Act No. 101, 1943 Acts of Alabama, p. 105, now carried as Sec. 372(1), Title 7, Michies Recompiled Code of Alabama 1958, which section obviates the necessity of objections to testimony offered, and providing that only such evidence as is relevant, material, competent, and legal, shall be considered by the court.

■ Assignment of error 9 is to the effect that the court erred in finding from the evidence that the insurance policy was cancelled as of 28 July 1969, since the court also found there was no evidence that Colonia Berry ever received notice of cancellation or of an additional premium due.

This assignment is without merit. While the court did find there was no evidence that the notice of cancellation was received by Colonia Berry, the court immediately observed that Colonia Berry introduced in evidence the supplemental policy of insurance which insurer showed by evidence had been mailed to her together with the bill for the increased premium, with no explanation by Colonia Berry that the policy had otherwise come into her possession. The court further found that the notice of cancellation was mailed as provided by the terms of the policy.

■ Counsel contends that under the doctrines of United States Fidelity & Guaranty Co. v. Williams, 43 Ala.App. 205, 186 So.2d 738, and Employers National Ins. Co. v. Parker, 286 Ala. 42, 236 So.2d 699, the burden was upon the insurer to show "conclusively" that the notice of cancellation was received by Colonia Berry. We do not read such requirement in either case. In *Williams*, supra, the question concerned the *mailing* of the notice of cancellation, not the receipt of such notice. Under the evidence the Court of Appeals concluded:

"We are of opinion the evidence was not of such definite and specific character as to show conclusively the mailing of the notice to the plaintiff."

The court further stated that it was also of the opinion that the cancellation order was not authorized by anyone with authority to cancel.

In *Parker*, supra, the insured admitted receiving a notice of cancellation, but said notice was replete with "errors, omissions, and oversights." The court, quoting from the *Williams* case stated that the lower court could find that the evidence "was not of such definite and specific character as to show conclusively the mailing of the notice to plaintiff (insured)," meaning of

course an effective or proper notice of cancellation, not one replete with errors.

■ The letter of cancellation as shown at the beginning thereof was addressed to "Colonia Berry." The fact that the salutation was "Dear Mr. Berry" rather than "Dear Mrs. Berry" was immaterial as to the efficacy of the notice of cancellation, the notice being otherwise in proper form. The prefix "Mr." or "Mrs." is no part of a persons name, and amounts to no more than a title—a mere redundancy. Weathers v. Modern Masonry Materials, Inc., 107 Ga. App. 34, 129 S.E.2d 65. See also 38 Am. Jur., Name, Section 9.

■ It is our view that while the degree of proof of mailing as set out in the quotations above, i. e., the proof should "show conclusively," the term "conclusively" should not be taken in a literal sense, but merely requires proof which is clear and convincing. Bun v. Central Pennsylvania Quarry Stripping & Construction Co., 194 Pa.Super. 630, 169 A.2d 804. Such term should not be stretched to the length that its meaning in a literal sense might import, and should not encompass more proof than is sufficient to reasonably satisfy the mind of the trier of fact. Freese v. Hibernia Savings & Loan Assn., 139 Cal. 392, 73 P. 172.

■ The presumption of law is that a letter, properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by the addressee. Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216; Franklin Life Ins. Co. v. Brantley, 231 Ala. 554, 165 So. 834.

■ Evidence tending to show that a letter was not received raises a question for the trier of fact as to whether the letter was mailed. Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66.

■ Under assignment of error 7, counsel for appellants argue that the court erred in finding that the testimony of the complainant (insurer) was undisputed.

It is counsel's contention that a dispute exists in the testimony because, (1) Colonia Berry in her sworn answer alleged she had not received the letter of cancellation, and (2), Jim Martin, the Andalusia agent for the insurer, testified that Colonia Berry stated to him she had not received the notice of cancellation when she came to his office to report the accident.

It is true that in his decree the Chancellor does set forth early in the decree, and before the adjudication and decretal portion of his decree, that "the only testimony before the Court being the testimony offered by the Complainant, it becomes the court's duty to accept the testimony of the Complainant, and *inasmuch as the same is undisputed,* finds that it was true." (Emphasis ours.)

In Jones v. Hines, Director General of Railroads, 205 Ala. 145, 87 So. 531, the trial court had found that the evidence was without dispute. The late Chief Justice Gardner observed that such statement was but a conclusion, could well have been omitted, and might be treated as surplusage. It was held that the judgment was amply supported by the evidence and such support was not destroyed even if there was some evidence from which a contrary conclusion could have been drawn.

Without intimating in any wise that either the averment of non receipt of the letter of cancellation in Colonia Berry's sworn answer, or the testimony of Martin relative to Colonia Berry's denial of receipt of the letter of cancellation, was, or was not, competent evidence, the evidence as to the proper mailing of the letter was abundant. The presumption under such evidence is that the letter was received. A question of fact solely within the province of the trier of fact was presented.

Even had Colonia Berry as a witness denied the receipt of the letter of cancellation, the evidence presented by the insurer as to the mailing of such letter was ample to support the adjudication of the issues by the Chancellor. Under such circumstances

the reasons upon which he based his adjudication are unimportant. Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507, and cases cited therein.

Appellants' assignment of error No. 11 is to the effect that the court erred in its decree by finding from the evidence that the notice of cancellation was mailed as provided by the terms of the policy.

In view of the terms of the policy as to mailing, set out above, and the evidence as to such mailing, the decree of the court was fully supported in this regard, and assignment of error No. 11 is untenable and unavailing.

Affirmed.

LAWSON, COLEMAN, MADDOX and McCALL, JJ., concur.