284 So.2d 274

**MID–STATE HOMES, INC., a corporation**

v.

**CHEROKEE INSURANCE COMPANY,**
a corporation.

**Civ. 225.**

Court of Civil Appeals of Alabama.

Oct. 17, 1973.

R. A. Norred, Birmingham, for appellant.

Walter M. Cook, Augustine Meaher, III, Mobile, for appellee.

HOLMES, Judge.

Appellant sought recovery from the appellee under a fire insurance policy. The trial court heard the case without a jury and entered a judgment in favor of the appellee. It is from this judgment that this appeal is taken.

The appellant's dispositive assignment of error contends the trial court can be sustained only by a finding that the policy of insurance in question had been cancelled prior to the date of loss. Appellant asserts that the policy had not been so cancelled.

The facts are not in dispute and reveal the following:

A policy of insurance covering loss by fire was issued by the appellee on the house of John D. Stewart and Susie S. Stewart. Appellant held a mortgage on the house. Coverage was afforded the mortgagee under the terms of the policy. The house was destroyed by fire on November 30, 1971. A notice of cancellation from appellee-insurance company to appellant-mortgagee was mailed on November 17, 1971, and received by the appellant on November 19, 1971. The notice read as follows:

"DATE OF NOTICE: 11/17/71

"We hereby cancel the Mortgagee Agreement which is made part of the above policy and also the above mentioned policy issued to the insured named above on 6/5/71 covering on dwelling at Rt 1, Box 156, Perdido, Ala. 36562 and made payable to you as mortgagee (or trustee) in the event of loss.

"You will, therefore, please take notice that at the expiration of ten days from the receipt of this notice, the said agreement and the said policy, unless surrender thereof to us be sooner made, will terminate and cease to be in force. 11/30/71."

The policy of insurance in pertinent part provides as follows:

"If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice of cancellation."

Two mortgagee endorsements are shown on the policy and include the following language:

"This Company reserves the right to cancel this policy at any time as provided by its terms, but, in such case this policy shall continue in force for the benefit only of the mortgagee (or Trustee) for ten days after notice to the mortgagee (or Trustee) of such cancellation, and shall then cease and this Company shall have the right, on like notice, to cancel this agreement."

Appellant contends the notice of cancellation by its terms is ambiguous and must be construed *contra proferentem*. Counsel for appellant makes this contention because of the parenthetical notation on the notice of cancellation reading, "11–30–71." He reasons that this notation gives coverage to appellant on the date of loss, to wit, 11–30–71. We cannot agree.

■■ While it is true that in an action on an insurance policy when the insurer sets up cancellation as a defense, the insurer has the burden of proving the policy was cancelled, United States Fidelity & Guaranty Co. v. Williams, 43 Ala.App. 205,

186 So.2d 738, it is equally true that in the absence of a restrictive statutory provision, the parties to an insurance contract may specify the method by which it may be cancelled and the parties are thereby bound. 45 C.J.S. Insurance § 442. Put another way, an insurance policy may be cancelled according to its terms. Hanover Fire Insurance Co. v. Wood, 209 Ala. 380, 96 So. 250; McCord v. Travelers Ins. Co., 244 Ala. 164, 12 So.2d 413.

In the instant case, the parties contracted as to the method of cancellation and this method, as we view it, was followed. The inclusion of the notation, "11–30–71", does not create any ambiguity, but simply states the date on which there would be no further coverage. In this instance, the date conforms to the provision of the policy requiring ten days notice. The notice of cancellation is positive and unequivocal as is required. See Reserve Life Ins. Co. v. Peavy, 95 Ga.App. 195, 97 S.E.2d 542; Great National Life Ins. Co. v. Harrell, Tex.Civ.App., 157 S.W.2d 427. The notice was received by appellant on November 19. Applying the ten day grace period, the last day of coverage would be November 29. November 30 would be the first day no coverage existed. As stated in the notice, the policy "will terminate and cease to be in force" which we take to mean 11–30–71. While ambiguities must be construed most favorably to the insured and against the insurer, no strained construction should be indulged to raise doubt. Furthermore, words employed in an insurance policy or notice of cancellation are to be construed in their natural and usual import. Tiarks v. First National Bank of Mobile, 279 Ala. 100, 182 So.2d 366; Canal Ins. Co. v. Stidham, 281 Ala. 493, 205 So. 2d 516.

All assignments of error having been considered, the judgment is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.