This appeal is from a declaratory judgment holding that Appellant, Security Insurance Company of Hartford, did not effectively cancel its insurance policy covering Appellee, Jack's Truck Stop. We reverse and remand.
On June 29, 1973, E.J. Allred, Appellee-Owner of Jack's Truck Stop, applied for a garage liability insurance policy with Security through the Jean Deese Agency, Inc., Security's authorized agent. Several years prior to the date of application, though the physical location remained the same, the address of the truck stop was changed from Route 1 (Access Highway 65 and Alabama 69), Cullman, Alabama, to Route 12, Box 151, Cullman, Alabama 35055. The application, however, was completed and submitted with the former address, and this former address appeared on the declaration *Page 282 
page of the issued policy. Subsequent to this time, the policy was amended so as to cover five vehicles owned by Allred.
During the life of the policy, various items of correspondence were mailed from both Security and Deese to Allred at the new address. Moreover, Allred's checks, letters and envelopes all reflected this new address. Allred, however, never requested a change of the listed address in his policy.
Security decided to cancel the policy and, pursuant to the cancellation provision of the policy, mailed notification to this effect to Allred seventeen days prior to the effective date of cancellation — March 13, 1976. This notification was mailed to the address listed in the policy, but Allred testified he never received it. The policy provided, interalia:
 ". . . This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when not less than 10 days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy. . . ."
On March 14, 1976, Solomon Smith was allegedly injured in a fire at Jack's Truck Stop. It was only when Allred sought coverage under the policy that he learned of its cancellation. This suit to determine the effectiveness of the above-mentioned cancellation followed.
At trial, Security offered proof that it properly mailed the cancellation notice. Allred, however, contends the notice was mailed to an incorrect address (as his address had changed to Route 12, Box 151, Cullman) and that Security knew of this change. Thus, he contends, it is incumbent upon Security to prove his actual receipt of the cancellation notification.
Testimony of Allred shows he received mail addressed to any one of six different addresses — including both the new address and the address stated in the policy. He contended, however, that his "correct" one is the new "Route 12, Box 151," address. The trial Court held that the policy had been mailed, but that it was mailed to an "incorrect" address. Furthermore, the Court held that § 27-23-23, Code (1975), applied to this case and required notice of cancellation to be mailed 20 days before its effective date. Therefore, the cancellation was held ineffective.
It is well settled that an insurer setting up cancellation as a defense on a policy has the burden of proving by clear and convincing evidence that the notice of cancellation was properly mailed to the insured. Harrell v. Alabama Farm BureauMutual Casualty Insurance Co., 287 Ala. 259, 251 So.2d 220
(1971); United States Fidelity and Guaranty Co. v. Williams,43 Ala. App. 205, 186 So.2d 738 (1966). Ordinarily, proof of actual receipt of such notice by the insured is not required. Harrell, supra. This is founded upon the presumption that a letter properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by the addressee. Harrell, supra; and Franklin Life InsuranceCo. v. Brantley, 231 Ala. 554, 165 So. 834 (1936). If the letter is not received by the insured, however, it becomes a question of fact as to whether the notice was properly mailed.Harrell, supra.
In the case before us, the undisputed evidence shows that the cancellation notification was mailed to the address listed in the policy. The trial Court found that the letter was mailed, but held that such mailing was improper because it was sent to an "incorrect" address (the former address of Jack's Truck Stop — Route 1 (Access Highway 65 and Alabama 69), Cullman, Alabama). Thus, the question before us is not whether the notice was mailed. Instead, it is whether the insurer properly mailed the notice when it sent the letter to the address shown on the policy, even though another address for Jack's Truck Stop was known by the insurer. If Security mailed the notice to an "incorrect" address, the termination would be ineffective unless Security *Page 283 
further proved actual receipt of the cancellation notification by Allred.
From the evidence presented, we cannot agree with the trial Court's determination that the address to which the letter was mailed was "incorrect," nor with its assertion that receipt was required and that § 27-23-23, Code (1975), applies to this case. Furthermore, we are not bound by that Court's findings because our ore tenus rule of review does not obtain where, as here, the trial Court misapplied the law to undisputed facts.Dixie Auto Insurance Co. v. Lee, 288 Ala. 185, 258 So.2d 892
(1972); and City Stores Co. v. Williams, 287 Ala. 385,252 So.2d 45 (1971).
As stated above, Allred testified that he received mail addressed in at least six different ways. Though the "Route 1" address may have been changed, Allred admitted he still received mail addressed in this manner. The "Route 12, Box 151," address, through perhaps more proper, was but one of Allred's mailing addresses. Security had knowledge of this new address, but this knowledge was only to the effect that Allred had another address — not that his correct address had changed and that the address on the policy was no longer effective. Moreover, in the several years in which the policy was in effect, Allred never sought to change the address stated in his policy.
Ordinarily, an insurer is justified in relying upon the address stated in an insurance policy. See 45 C.J.S. Insurance
§ 450. The law does not impose a burden upon the insurer to investigate and determine which, of several addresses an insured may utilize, is his "correct" address. See Gendron v.Calvert Fire Insurance Co., 47 N.M. 348, 143 P.2d 462 (1943). Had Security mailed the notice to the "Route 12, Box 151," address, Allred could contend it had not complied with the terms of the policy. See Mutual Life Industrial Ass'n v. Scott,170 Ala. 420, 54 So. 182 (1911). Certainly the law will not tolerate such a game of musical chairs. Though a party may have several addresses at which he receives mail, for purposes of cancellation of an insurance policy, only one address can be considered "correct." That address is the address listed on the policy unless the insured notifies the insurer of a change of address, or unless knowledge of such change is attributed to the insurer. 43 Am.Jur.2d, Insurance, § 411; and 63 A.L.R.2d 570, §§ 4, 7, 9, and 11. Mere knowledge of additional addresses
at which an insured receives mail does not constitute knowledge of a change of correct address. See Gendron, supra.
The evidence elicited at trial is insufficient to determine whether Allred had but one correct mailing address. Moreover, it cannot be determined whether Security had actual knowledge of the complete change to this new address.
Allred's contention that § 27-23-23, Code (1975), requires a 20-day notice of cancellation under the type policy before us is also fallacious. That statute, while requiring 20-days' notice under certain stated situations, provides, inter alia:
 (1)(b) . . . provided, however, that this article shall not apply . . . (2) To any policy insuring more than four automobiles; nor (3) To any policy covering garage . . . hazards. . . .
As stated, at the time of cancellation, Allred had five vehicles covered by this policy. Thus, it would appear the statute excludes its application under these circumstances. Moreover, even assuming this argument is inapplicable because at least two of the vehicles were trucks, the garage liability provision (under which Allred seeks coverage) is clearly severable and excluded by the statute. § 27-23-20 (1)(b), Code (1975). Therefore, Security was not required to give 20-days' notice of cancellation, but could, instead, mail notification 10 days before its effective date, as provided in the policy.Boston Insurance Co. v. Rash, 263 Ala. 201, 82 So.2d 177
(1955); Hanover Fire Insurance Co. v. Wood, 209 Ala. 380,96 So. 250 (1923); and Mid-State Homes Inc. v. Cherokee InsuranceCo., 51 Ala. App. 247, 284 So.2d 274 (1973). See also 45 C.J.S.Insurance §§ 449, 458. *Page 284 
Thus viewed, the judgment of the trial Court is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.