The evidence that Reynolds mailed the application, properly addressed, to CRE creates a presumption that CRE received it.Great Southwest Fire Ins. Co. v. Mobil Equipment Co. II,Inc., 473 So.2d 1049 (Ala. 1985); Starr v. DoctorsHospital, 426 So.2d 826 (Ala. 1983); Currie v. GreatCentral Ins. Co., 374 So.2d 1330 (Ala. 1979); Harrellv. Alabama Farm Bureau Mut. Cas. Inc. Co., 287 Ala. 259,251 So.2d 220 (1971). CRE can rebut that presumption, but the question is one of fact. If the jury finds that CRE did in fact receive the application, and, for example, fraudulently denied having received it, the jury could then find that CRE did not have a legitimate reason for denying coverage. Furthermore, I find the evidence so persuasive that Houseal was a general agent of CRE that I would hold that a finding of bad faith could be premised upon CRE's claim that Calvert's submission of the completed application and the premium to Houseal did not effectuate coverage. Therefore, I would reverse the summary judgment for CRE on the bad faith count also.
JONES, SHORES and ADAMS, JJ., concur.