RICHARD L. HOLMES, Retired Appellate Judge.
In March 1989, Carl Johnson purchased a 1989 Ford Escort automobile and obtained financing for the vehicle from Ford Motor Credit Company (FMCC). Johnson executed an agreement to obtain insurance coverage on the vehicle and to name FMCC as the loss payee on the vehicle.
Johnson applied for insurance coverage with State Farm Insurance Company (State Farm) through Kris Mullins, the local State Farm agent. The application for insurance listed FMCC, by a coding procedure, as the loss payee. FMCC verified that Johnson had insurance coverage as of March 13,1989, the date of the application.
The policy application information was transmitted to State Farm’s regional office. State Farm’s underwriting department determined that Johnson had been convicted of driving under the influence, which rendered him ineligible for insurance. Johnson was notified on March 24, 1989, by certified mail, that the insurance application had been rejected because of a material misrepresentation (Johnson had indicated on the insurance application that he had no previous traffic violations) and that the policy was rescinded. A refund of his initial premium was enclosed.
After Johnson received notification from State Farm that his application had been rejected, he obtained insurance coverage from Champion Insurance Company (Champion). This policy was to be in effect from March 30,1989, through September 30,1989. The records of FMCC indicate that it re *938 ceived a copy of the Champion policy in April 1989.
On July 11, 1989, Johnson was involved in an automobile accident while operating the vehicle. Liquidation of Champion had been instituted and, thus, its policy issued to Johnson was no longer in effect at the time of Johnson’s accident. Johnson filed bankruptcy in December 1989.
FMCC filed suit against State Farm and Mullins, alleging that State Farm failed to notify FMCC of the denial of coverage of Johnson. FMCC further alleged that it was unaware of the lack of insurance coverage due to State Farm’s failure to send the notice of denial of coverage. FMCC demanded judgment against State Farm in the amount of $10,648.38.
The case was tried before the trial court without a jury. The trial court entered a judgment in favor of State Farm, finding that proper notice had been given to FMCC. The trial court also found that even if FMCC had not received notice, there was no harm or damage done to FMCC because Johnson had insurance in force at all times; unfortunately, Champion had filed bankruptcy and was unable to pay the claim.
FMCC appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
In this case, the trial court, sitting without a jury, heard the testimony and entered a judgment in favor of State Farm. This judgment will be affirmed on appeal if there is credible testimony to support the judgment and if the judgment is not obviously wrong or manifestly unjust. Charles Israel Chevrolet, Inc. v. Walter E. Heller & Co., 476 So.2d 71 (Ala.1985).
Viewing the record with the attendant presumptions accorded the trial judge in an ore tenus proceeding, we note that the following is revealed. An insurance clerk with FMCC testified that when a notice is received from an insurance company, stating that coverage has been rescinded or terminated, FMCC will contact the customer to advise him either to obtain coverage from another insurance carrier or to place FMCC’s insurance on his account. The insurance clerk also testified that she was familiar with Champion and that, at the time Johnson obtained coverage with Champion, FMCC considered it to be an acceptable insurance company. She further testified that she received a policy from Champion covering the vehicle and that the effective date of the policy was March 30, 1989.
In this case, regardless of whether notice was sent to FMCC, Johnson obtained coverage with Champion after State Farm rejected his application for insurance. In addition, FMCC was advised that he had insurance coverage with Champion.
Under these facts, FMCC was not harmed or prejudiced, even if notice was not given, because Johnson had insurance coverage with Champion in force after his insurance application with State Farm was rejected. State Farm’s alleged failure to provide notice to the lienholder was not the cause of FMCC’s inability to be compensated for its losses. FMCC’s inability to be compensated for its losses was due to the liquidation of Champion and the bankruptcy of Johnson. Any error complained of, as in this instance the failure to notify, must injuriously affect a substantial right of the complaining party. As seen from the above, there was no injuriously affected substantial right on the part of FMCC. Cf. Garrison v. Grayson, 284 Ala. 247, 224 So.2d 606 (1969).
Consequently, we affirm the judgment of the trial court, which found in favor of State Farm. To hold otherwise would be to choose form over substance, because the events that occurred after State Farm rejected Johnson’s insurance application are identical to what would have occurred even if notification from State Farm was not in dispute; Johnson obtained a policy of insurance acceptable to FMCC.
While we have affirmed the judgment of the trial court for the above-stated reasons, we address FMCC’s contention that State Farm failed to meet its burden of proving by “clear and convincing evidence” that the notice of recision was mailed to FMCC, as set out in Strickland v. Alabama Farm Bureau Mut. Casualty Ins. Co., 502 So.2d 349 (Ala.1987), and Hilliar v. State *939 Farm Mut. Auto. Ins. Co., 451 So.2d 287 (Ala.1984).
FMCC contends that State Farm failed to prove that (1) the notice was ever printed from its computer, (2) the notice contained sufficient postage, (3) the notice was deposited with the U.S. Postal Service, (4) the notice clearly indicated State Farm’s return address, and (5) the notice was not returned “undelivered” to State Farm.
It is well settled that proof of actual receipt of such notice is not required because there is a presumption that if a letter has been properly addressed and stamped with sufficient postage and was not returned to the sender whose address is shown on the envelope, then it was received by the addressee. Security Insurance Co. v. Smith, 360 So.2d 280 (Ala.1978). If the notice was not received by the addressee, then it becomes a question of fact as to whether the notice was mailed. Security Insurance Co., 360 So.2d 280.
There was testimony by employees of State Farm that when the decision was made to reject Johnson’s insurance application and to rescind his insurance policy, this information was entered into the computer, and the policy was set in a “cancel” status, which ensured that notices were sent to interested parties. The initials of the data entry employee who entered this information into the computer were placed by the entry. Further, there was testimony that the policy master record screen confirms that this “termination letter” to the lienholder was generated by the computer, with the address provided to State Farm by FMCC.
State Farm also presented testimony of an employee who works in the mailroom regarding its procedure of mailing such notices to lienholders. Her testimony revealed that the notices are printed once a week on a continuous form. These notices are picked up from data processing and routed directly to the mailroom, where they are placed on the “EIM” inserting machine, which cuts the notices, inserts them into window envelopes, seals the envelopes, and places the postage on the envelopes. She further testified that if the postage is not properly affixed, the machine will “trip.” A presort company picks up the mail from the mailroom, ■ presorts it according to zip code, and delivers it directly to the post office. Her testimony indicated that if mail is returned to State Farm, it is returned to the mailroom and sent to the appropriate division. There was no testimony that this particular notice was returned to State Farm for any reason.
FMCC contends that because State Farm could not produce a witness who could testify that he or she actually saw the notice to FMCC concerning Johnson printed out of the computer, properly addressed and stamped, and that such notice was not returned to State Farm, State Farm did not meet its burden of proof.
However, this is the age of computers and high-tech machinery. State Farm’s employees testified that their review of the policy master record screen indicates that the notification letter to the lienholder was generated by the computer. There was no testimony to indicate that it was not mailed according to the established procedure for mailing such notices. Consequently, it appears that State Farm met its burden of proof in the instant case.
In light of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.