American Interstate Insurance Company ("American Interstate") appeals from a judgment in favor of Edward Kelley, d/b/a Kelley Logging, and Jason Kelley. On July 2, 1998, American Interstate filed a complaint for a declaratory judgment, seeking a judgment declaring that American Interstate was not liable under an insurance policy it had issued to Edward Kelley.
On September 29, 1999, after hearing ore tenus evidence, the trial court entered a judgment in favor of Edward Kelley and Jason Kelley. The trial court held that American Interstate's policy covered Edward Kelley and that Jason Kelley was entitled to workers' compensation benefits pursuant to that policy.
On October 6, 1999, American Interstate filed a motion to alter, amend, or vacate the trial court's judgment, or alternatively, for a new trial. American Interstate argued that the judgment was not supported by the evidence. On October 14, 1999, American Interstate filed a motion to stay the enforcement of the judgment pending the disposition of its motion to alter, amend, or vacate. On November 16, 1999, the trial court denied both of American Interstate's motions. American Interstate appeals.
The record indicates that Edward Kelley purchased a workers' compensation insurance policy in March 1995. The policy was effective from March 21, 1995, to March 21, 1996. Premiums on this policy were based on the amount of timber Edward Kelley cut, and he was required to submit monthly audit reports itemizing his work. American Interstate sent an audit report to Edward Kelley on the 10th day of every month advising him of the premium due.
The record indicates that on two prior occasions during the period of coverage under this policy, American Interstate had mailed Edward Kelley, by certified U.S. Postal Service mail, notices of cancellation of the policy for nonpayment of premiums. On both occasions, Edward Kelley retrieved the notice from his post office box and remitted the premium payment due and American Interstate subsequently reinstated the policy.
In December 1995, Edward Kelley failed a third time to pay the premium owed on the policy. On January 4, 1996, American Interstate mailed him, by certified U.S. Postal Service mail, a notice of cancellation for nonpayment of his October and November *Page 481 
1995 premiums. It is undisputed that this notice of cancellation, like the previous two notices of cancellation, was mailed to Edward Kelley at the correct address listed on American Interstate's policy. This notice stated that cancellation and termination of the policy would take place on January 16, 1996, at 12:01 a.m.
Juanita Kelley, the secretary and bookkeeper for Edward Kelley, testified that she checks the mail once or twice per week, but that the final notice of cancellation mailed on January 4, 1996, was never received by her or by any other employee of Edward Kelley. The record also contains evidence from a postal employee who testified that the certified letter from American Interstate was placed in Edward Kelley's post office box.
On January 25, 1996, Jason Kelley was injured; he says he incurred his injuries while acting within the scope of his employment by Edward Kelley. On January 21, 1998, Jason Kelley sued Edward Kelley for workers' compensation benefits. Edward Kelley filed a claim against American Interstate, which responded by asserting that the policy had been canceled. It then filed this declaratory-judgment action to determine whether it was liable for the claim. The trial court held that it was. The trial court's judgment states in part:
 "This cause coming to be heard, and the Court having received testimony, reviewed the exhibits and considered the law applicable to this matter, it is hereby ORDERED that the Court declares that the Workers' Compensation policy issued by the Plaintiff to the Defendants [sic] was in force and effect on January 25, 1996 when the injury made the subject of the pending workers' compensation suit (filed by Jason Kelley) occurred.
 "The Court finds from the evidence that the insurance policy made the basis of this suit was issued March 21, 1995 and was due to be effective through March 21, 1996, unless canceled pursuant to the policy language prior to that date. The Court finds that the policy was canceled prior to March 21, 1996, through the notice of cancellation which was mailed by Plaintiff to Defendants in January 1996. The Court, in evaluating the facts of this case, is aware that the Plaintiff carries the burden of proving the cancellation of the policy and the Court holds that the Plaintiff has not proven that notice of cancellation was not provided or delivered to the Defendants less than 10 days [sic] [A policy provision quoted infra required a 10-day notice of cancellation.] prior to the January 25, 1996 injury which was promptly reported to the Plaintiff.
 "The Court finds from the evidence that the notice of cancellation was mailed, by certified mail, by the Plaintiff to the Defendants' post office [box] but was not received by the Defendants prior to the January 25th incident. It is undisputed that the certified mail letter containing the cancellation notice was not picked up by Defendants and that no personal notice of the cancellation was received by Defendants prior to the date of the injury. The Court finds that none of the persons to whom the cancellation notice was sent (certificate holder, agent and insured) received such notice prior to 10 days before the covered injury.
 "Plaintiff is hereby declared to be required to fully defend (without reservation of rights) and cover, to the extent provided by the insurance policy, the workers' compensation suit arising out of the January 25, 1996, injury suffered by Jason Kelley."
The facts of this case are virtually undisputed. Because our review consists of a legal determination regarding whether *Page 482 
American Interstate's mailing the notice of cancellation to Kelley constitutes an effective notice of American Interstate's cancellation of the policy, the ore tenus standard does not apply, and the trial court's judgment carries no presumption of correctness. Beavers v. County of Walker, 645 So.2d 1365, 1372
(Ala. 1994). Therefore, our review is de novo. Id. at 1373.
From our review of the record, we conclude the dispositive issue is whether the notice of cancellation of Edward Kelley's insurance policy was effective upon the mailing of that notice by certified mail.
It is well settled in Alabama that "in an action on an insurance policy when the insurer sets up cancellation as a defense, the insurer has the burden of proving the policy was canceled." Mid-State Homes, Inc. v. Cherokee Ins. Co., 51 Ala. App. 247,248, 284 So.2d 274, 275 (1973). However, it is "equally true that in the absence of a restrictive statutory provision, the parties to an insurance contract may specify the method by which it may be canceled and the parties are thereby bound. Put another way, an insurance policy may be canceled according to its terms." 51 Ala. App. at 249,284 So.2d at 276. (Citation omitted).
American Interstate's policy with Kelley contained a cancellation provision, which states:
 "2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.
 "3. The policy period will end on the day and hour stated in the cancellation notice."
(Emphasis added.)
The address listed in Item 1 on the "information page" is "Edward Kelley, P.O. Box 1572, Bay Minette, AL. 36507." Juanita Kelley testified that Edward Kelley received all mail related to his logging business at P.O. Box 1572, Bay Minette, Alabama. This is the same address to which American Interstate mailed, by certified U.S. Postal Service mail, all three notices of cancellation. Furthermore, "an insurer is justified in relying upon the address stated in an insurance policy." Security Ins.Co. of Hartford v. Smith, 360 So.2d 280, 283 (Ala. 1978).
This court and the Supreme Court of Alabama have dealt with the issue whether "proof of mailing equals proof of notice." SeeEx parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182 (Ala. 1999);Security Ins. Co. of Hartford v. Smith, supra; and Defleron v.Gulf Agency, Inc., [Ms. 2980441, Oct. 29, 1999] ___ So.2d ___ (Ala.Civ.App. 1999). However, these cases have generally interpreted liability-and casualty-insurance policies.
In Ex parte Alfa Mut. Gen. Ins. Co.,[1] our supreme court discussed the common-law *Page 483 
rules regarding proof of mailing. The court stated:
 "Thus, in the absence of any other statute governing notice of cancellation of insurance or rejection of an application for insurance, the outcome of this case depends on the common-law rules regarding proof of mailing.
 "Shortly before the Legislature adopted the act that has been codified at § 27-23-25, this Court had (on July 22, 1971) decided Harrell v. Alabama Farm Bureau Mut. Cas. Ins. Co., 287 Ala. 259, 251 So.2d 220 (1971); that case held that an insurer sued for breach of contract and pleading cancellation as a defense had to prove, by clear and convincing evidence, that it properly mailed the notice of cancellation. Harrell also recognized the common-law rule that `[t]he presumption of the law is that a letter, properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by the addressee.' However, the Court qualified that presumption by stating that `[e]vidence tending to show that a letter was not received raises a question for the trier of fact as to whether the letter was mailed.' For that proposition, the Court cited with approval Corinth Bank Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66 (1929)."
Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d at 186 (citations and footnote omitted).
In Spriggs v. Compass Bank, 742 So.2d 178 (Ala.Civ.App. 1997), this court reversed a trial court's summary judgment in favor of Alfa Insurance Company, a homeowner's-insurance carrier, because Spriggs, the insured, claimed to have received no notice of the cancellation of the policy. Affirming this court's decision, our supreme court concluded that "the Court of Civil Appeals properly concluded that whether Alfa mailed its notice of rejection and whether Spriggs received that notice are questions of fact for the jury." 742 So.2d at 186. Justice Lyons, writing on application for rehearing and quoting a case from this court, described as harsh the policy language providing that proof of mailing is sufficient to prove notice of cancellation:
 "`"A clause in a policy of insurance providing that the mere mailing of notice of cancellation is sufficient to cause cancellation of the policy is so harsh in its nature, and potentially contains such elements of possible disaster to an insured, that the proof of the mailing of such notice should be of a definite and specific character."'"
Ex parte Alfa Mut. Gen., 742 So.2d at 187 (quoting United StatesFidelity Guaranty Co. v. Williams, 43 Ala. App. 205,186 So.2d 738 (1966)). (Emphasis added.)
In Williams, this court held that proof of the mailing of the notice was not definite and specific in character because the notice was not sent by registered or certified mail, and because the "proof wholly failed to show the cancellation order was authorized by anyone with authority to cancel." Williams,43 Ala. App. at 209, 186 So.2d at 741.
In this case, the evidence is undisputed that American Interstate's notice of cancellation was sent by certified U.S. Postal Service mail. It is also undisputed that American Interstate's letter of cancellation was properly addressed and carried sufficient postage. Julia Lynn Davis, a postal clerk with the Bay Minette post office, testified that notice for the January 4, 1996, certified letter from American Interstate to Kelley was first placed in Edward *Page 484 
Kelley's post office box on January 9, 1996. The letter remained unclaimed, and Davis testified that a second notice was placed in Kelley's post office box on January 19, 1996. Davis testified that the letter from American Interstate was returned on January 24, 1996, because it was unclaimed.
The trial court served as fact-finder in this case and in its judgment addressed these issues. The trial court concluded that "the notice of cancellation was mailed, by certified mail, by the Plaintiff to Defendants' post office [box]." However, the trial court concluded that the letter was not "received" by Kelley before Jason Kelley incurred his alleged work-related injury, because the letter containing the notice of cancellation "was not picked up by Defendants" and because Edward Kelley had "no personal notice of the cancellation" before Jason Kelley's injury. We disagree with the trial court's ultimate conclusion.
Edward Kelley was a businessman, and the record indicates that he had received two previous notices of cancellation by certified mail from American Interstate. Upon receiving these prior notices, he had paid the premiums due and had had the insurance policy reinstated. American Interstate's cancellation notice at issue here was sent by certified mail and was available to be picked up by Juanita Kelley or some other representative of Edward Kelley for 15 days before it was returned, unclaimed, to American Interstate. We conclude that this is effective notice of cancellation of a "definite and specific character". To hold otherwise would allow an insured to avoid cancellation of his policy simply by refusing certified delivery of a notice of cancellation from his insurer.
"[W]ords employed in an insurance policy or notice of cancellation are to be construed in their natural and usual import." Mid-State Homes, Inc. v. Cherokee Ins. Co., 51 Ala. App. 247,249, 284 So.2d 274, 276 (1973). Therefore, "[t]he rules of judicial construction require this court to interpret an insurance contract according to the rules of construction applicable to all contracts," and, "Accordingly, the words of an insurance policy are to be given their rational and practical meaning." BituminousCas. Corp. v. Harris, 372 So.2d 342, 343-44 (Ala.Civ.App. 1979). Additionally, when "a policy provision is unambiguous, then a court must enforce the policy as it is written and cannot defeat express provisions." Auto-Owners Ins. Co., 739 So.2d 1078, 1081
(Ala. 1999).
"It is well settled in Alabama law that the right of the insurer to cancel an insurance policy is strictly construed and the condition imposed upon it with respect to giving notice of cancellation must be strictly performed." Green v. Standard FireIns. Co. of Alabama, 398 So.2d 671, 675 (Ala. 1981). It is undisputed that American Interstate mailed the notice of cancellation to Edward Kelley in full compliance with the policy's cancellation provision.
Therefore, we conclude that American Interstate effectively canceled its policy with Edward Kelley in accordance with the policy provision, and that American Interstate is not required to provide coverage for, nor to defend Edward Kelley, in Jason Kelley's workers' compensation action. The judgment is reversed and the case is remanded for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
Crawley, J., concurs.
Robertson, P.J., and Yates and Monroe, JJ., concur in the result.
[1] The supreme court granted certiorari review in Alfa MutualGeneral Insurance Co. to clarify the statutorily required proof of mailing (see § 27-23-25, Ala. Code 1975) as it relates to the defense of cancellation. That case involved a homeowner who sued her insurer after the insurer denied benefits under the insured's homeowner's insurance policy. The insurer pleaded the defense of cancellation and contended it had properly mailed the insured notice of the rejection of her application before the occurrence of the event for which she filed a claim. The supreme court concluded that § 27-23-25 did not apply because the policy in issue was a homeowner's policy, not an automobile liability policy. Applying the common-law rule, the supreme court concluded that despite the insurer's evidence indicating it had properly mailed the notice of cancellation, the insured's denial of receiving notice created a question of fact for the trial court's determination. *Page 485