824 So.2d 708 (2001)
Betty SISSON
v.
STATE FARM FIRE AND CASUALTY COMPANY.
1000852.
Supreme Court of Alabama.
December 21, 2001.
*709 Eddie Leitman and Christopher R. Hood of Leitman, Siegal & Payne, P.C., Birmingham, for plaintiff.
Bert S. Nettles and Mark D. Hess of London & Yancey, L.L.C., Birmingham, for defendant.
LYONS, Justice.
The United States District Court for the Northern District of Alabama has certified to this Court the following question, pursuant to Rule 18, Ala. R.App. P.:
"Whether, under the facts of this case, the insured's denial of receipt of a notice of policy cancellation or nonrenewal creates an issue of fact as to mailing where the insurer's proof of mailing includes the Postal Service's Certificate of Mailing indicating its receipt of the notice to plaintiff for mailing on January 15, 1998."

I. Background
The question arises from State Farm Fire and Casualty Company's decision not to renew the homeowner's policy of its insured, Betty Sisson. The policy provided coverage for the period from February 18, 1997, through February 18, 1998, and was renewable annually. The policy provided that notice of cancellation or nonrenewal of the policy must be given at least 30 days before the cancellation takes effect or before the date the policy is not renewed. The policy also states that written notice of such cancellation or nonrenewal will be mailed or delivered to the insured and that "Proof of Mailing shall be sufficient proof of notice."
State Farm decided not to renew Sisson's policy after an inspection in 1998 by one of its agents found the residence in a state of severe disrepair. On January 15, 1998, State Farm's regional office in Birmingham generated a "Notice of Cancellation," stating that Sisson's policy would be terminated effective February 18, 1998. The notice was addressed to Sisson and was placed the same day in the mail at a post office, and State Farm obtained a "certificate of mailing" from the United States Postal Service.[1] State Farm contends that on the same dayJanuary 15, 1998it sent a separate notice to Sisson's mortgage company. State Farm did not obtain a "certificate of mailing" for this separate notice. Neither notice was returned to State Farm as undelivered or undeliverable. However, both Sisson and her mortgage company deny receiving the respective notices.
On February 26, 1998, just eight days after the insurance coverage was terminated pursuant to the cancellation notice, Sisson's home was destroyed by fire. State Farm denied her insurance claim for fire loss because, it says, her policy had not been renewed. On February 5, 1999, Sisson sued State Farm, claiming that it had breached the insurance contract by refusing to pay her fire-damage claim. State Farm had the case removed to the United States District Court for the Northern District of Alabama and filed a motion for a summary judgment in the district court. The motion remains pending, awaiting the answer to the certified question.
*710 State Farm claims that the "certificate of mailing" is direct proof of mailing from a neutral third party and that it conclusively establishes proof of mailing as a matter of law. Sisson argues that State Farm's proof of mailing is simply evidence indicating that the notice was properly mailed and that the question whether Sisson actually received notice of the nonrenewal should be submitted to a jury for determination.

II. Analysis
The common-law rule concerning notice of cancellation or nonrenewal of an insurance policy was first stated by this Court in Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 83, 121 So. 66, 67 (1929): "A letter properly addressed, stamped, and mailed is presumed to have been received in due course. Evidence denying the receipt of the letter does not render the evidence of the mailing inadmissible. Neither is conclusive. Whether it was so mailed and received becomes a jury question."
The terms of Sisson's State Farm policy prevent application of this common-law rule. The State Farm policy provided that "[p]roof of mailing shall be sufficient proof of notice." Where proof of mailing of a notice under an insurance policy is established by evidence of a definite and specific character, we have enforced a policy provision like the one here when the only countervailing evidence is the insured's denial of receipt. If the policy also required that notice be given to Sisson's mortgagee (Regions Bank), there may be a question of fact as to whether notice was mailed to Regions Bank because Regions Bank maintains that it did not receive notice. However, that was not the question presented by the United States District Court.
In Harrell v. Alabama Farm Bureau Mutual Casualty Insurance Co., 287 Ala. 259, 263, 251 So.2d 220, 223 (1971), the policy provided that "[t]he mailing of the notice [of cancellation] shall be sufficient proof of notice and the effective date and hour of cancellation stated therein shall become the end of the policy period." In Harrell, the insurer presented evidence in the form of a date stamp affixed on a copy of the letter claimed to have been mailed by the insurer. The insurer then presented evidence from an employee of the United States Postal Service establishing that such stamps are kept under lock and key and are affixed only by a postal employee upon presentation of an original letter for mailing and a copy for affixing the date stamp as evidence that the original had been mailed. Rejecting the insured's denial of receipt, this Court in Harrell observed that "the evidence presented by the insurer as to the mailing of such letter was ample to support the adjudication of the issues by the [Court]."[2] 287 Ala. at 264, 251 So.2d at 225. This Court in Harrell then concluded:
"In view of the terms of the policy as to mailing, set out above, and the evidence as to such mailing, the decree of the court [rejecting the insured's defense of lack of notice] was fully supported in this regard, and assignment of error No. 11 [that the court erred in finding that notice of cancellation was mailed] is untenable and unavailing."
Id., 287 Ala. at 265, 251 So.2d at 225.
We rejected the insurer's attempt to rely upon policy language establishing *711 proof of mailing as proof of notice of cancellation in Ex parte Alfa Mutual General Insurance Co., 742 So.2d 182 (Ala.1999), where the insurer's proof of mailing was supported only by the testimony of an employee of the insurer, unlike the case in Harrell. Upon overruling the application for rehearing in Ex parte Alfa Mutual, this Court endorsed the view expressed in Grimes v. State Automobile Mutual Insurance Co., 95 Ohio App. 254, 256, 118 N.E.2d 841, 843 (1953), that enforcement of a clause in a policy of insurance "`providing that the mere mailing of notice of cancellation is sufficient to cause cancellation of the policy is so harsh in its nature, and potentially contains such elements of possible disaster to an insured, that the proof of the mailing of such notice should be of a definite and specific character.'" 742 So.2d at 187 (opinion on rehearing) (emphasis added).
The policy at issue in American Interstate Insurance Co. v. Kelley, 797 So.2d 479, 482 (Ala.Civ.App.2000), provided, "Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice." In Kelley, a plurality of the Court of Civil Appeals found that a certified mailing of the notice of policy cancellation, supported by testimony of a clerk at the local post office, was sufficient to prove notice even in the face of the insured's evidence indicating nonreceipt of the notice. Id. Such proof of notice was determined to be of "definite and specific character." Id.
Based upon the description in State Farm's brief (because this is a certified question we have no record before us), we conclude that the evidence offered by State Farm to support mailing consists of a United States Postal Service form entitled "Certificate of Mailing." There is no indication that Sisson challenges the authenticity of this document. In Harrell and Kelley, evidence establishing mailing came from disinterested postal employees. If the United States District Court is satisfied as to the existence of an authentic certificate that could have been issued only by the United States Postal Service and not created by employees of State Farm, a matter not before us, State Farm's evidence of mailing would be of the "definite and specific character" sufficient to warrant enforcement of the policy provision; the insured's denial of receipt of a notice of policy cancellation or nonrenewal does not create an issue of fact as to the mailing of the notice.
Without rewriting the policy, we cannot create a jury question as to the insured's receipt of the notice based upon evidence indicating that Regions Bank did not receive the notice. Protestations over the prospect for harsh results from enforcement of the policy as written should be directed to the Legislature or to the Department of Insurance.
We answer the certified question in the negative.
QUESTION ANSWERED.
HOUSTON, SEE, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., and BROWN, JOHNSTONE, and WOODALL, JJ., dissent.
MOORE, Chief Justice (dissenting).
The majority opinion cites Harrell v. Alabama Farm Bureau Mutual Casualty Insurance Co., 287 Ala. 259, 251 So.2d 220 (1971), as support for its conclusion that Sisson's denial that she received notice that State Farm was not renewing her homeowner's insurance does not create an issue of fact as to the mailing of the notice. Yet, the Court in Harrell stated that "[e]vidence tending to show that a letter was not received raises a question for the trier *712 of fact as to whether the letter was mailed." 287 Ala. at 264, 251 So.2d at 224-25. Sisson provided such evidence through her denial and through the testimony of an employee of her mortgage company that that mortgagor had also not received notice. The weight and credibility of that evidence is a factual question, best left to a jury.
The majority maintains that the common-law rulethat proof of notice is a jury question when the evidence on the point conflictsdoes not apply here because, it says, Sisson's policy explicitly states that proof of mailing shall be sufficient proof of notice. But in Ex parte Alfa Mutual General Insurance Co., 742 So.2d 182 (Ala.1999), this Court held that reliance on the insurance policy as the rule of evidence for what will constitute proof of mailing is not permissible. The majority opinion acknowledges Alfa Mutual, but it seems to ignore its ramifications. The Alfa Mutual Court went on to say that "`providing that the mere mailing of notice of cancellation is sufficient to cause cancellation of the policy is so harsh in its nature, and potentially contains such elements of possible disaster to an insured, that the proof of the mailing of such notice should be of a definite and specific character.'" 742 So.2d at 187 (opinion on rehearing) (quoting Grimes v. State Auto. Mut. Ins. Co., 95 Ohio App. 254, 256, 118 N.E.2d 841, 843 (1953)).
The majority is of the opinion that a "certificate of mailing" is of such "definite and specific character" as to constitute sufficient proof of notice without the need for submitting the question of receipt to the jury. Nevertheless, our previous cases have never held that proof demonstrating mailing aloneand not receiptis sufficient. In previous cases, such as United States Fidelity & Guaranty Co. v. Williams, 43 Ala.App. 205, 186 So.2d 738, 741 (1966), we have held that certified and registered mail receipts are sufficient proof of notice, without the need for factfinding by a jury, but that is because those methods provide proof of receipt as well as mailing, which a "certificate of mailing" does not do.
Those previous holdings comport with the common-law rule expressed in Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66 (1929), that proof of mailing alone does not sufficiently prove notice, nor does denial of receipt alone disprove proof of notice. Such a conflict presents a question of fact for the jury. See Cochran, 219 Ala. at 81, 121 So. at 67. Here we have no evidence indicating receipt of the notice of cancellation by either the insured or Regions Bank, the insured's mortgage company. Therefore, the longstanding rule in Alabama and the common law should govern the question in this case. We should allow a jury to decide if Ms. Sisson is believable when she testifies that she did not receive notice; questions of credibility are best suited for a jury. Consequently, I respectfully dissent.
JOHNSTONE, J., concurs.
JOHNSTONE, Justice (dissenting).
I join in the dissents of Chief Justice Moore and Justice Woodall. I add an observation of my own.
Importantly in this case, Sisson's testimony that she did not receive the cancellation notice is corroborated by the testimony of her mortgagee that it did not receive its copy of the cancellation notice. Ex parte Alfa Mutual General Insurance Co., 742 So.2d 182 (Ala.1999), cited in the main opinion, is precisely analogous in this respect. There, on application for rehearing, we observed, "in this case, the insured's denial of receipt of notice is buttressed by the fact that [the mortgagee] Compass Bank also denied receiving notice." 742 So.2d at 188. In Alfa we concluded that *713 such evidence of nonreceipt of notice created a genuine issue of fact which precluded summary judgment in favor of Alfa.
WOODALL, Justice (dissenting).
In my opinion, this Court should answer the certified question in the affirmative. Therefore, I respectfully dissent.
The cases relied upon by the majority in no way support its conclusion that the terms of the State Farm policy prevent the application of the well-established common-law rule. The majority suggests in note 2 that a factual determination may not have been involved in Harrell v. Alabama Farm Bureau Mutual Casualty Insurance Co., 287 Ala. 259, 251 So.2d 220 (1971). That suggestion ignores the clear statement in Harrell that "[a] question of fact solely within the province of the trier of fact was presented." 287 Ala. at 264, 251 So.2d at 225.
Ex parte Alfa Mutual General Insurance Co., 742 So.2d 182 (Ala.1999), is simply a recent application of the common-law rule, as indicated in the concluding paragraph of that opinion:
"Alfa produced evidence indicating that it properly mailed the notice of cancellation, with the proper address, and it was not returned. However, [its insured] denied receiving the notice. Under the common-law rule, [the insured's] denial created a question for the factfinder to determine. Therefore, the Court of Civil Appeals properly concluded that whether Alfa mailed its notice of rejection and whether [its insured] received that notice are questions of fact for the jury. Thus, the judgment of the Court of Civil Appeals is due to be affirmed."
742 So.2d at 186.
American Interstate Insurance Co. v. Kelley, 797 So.2d 479 (Ala.Civ.App.2000), cited by the majority, does not support the majority's conclusion. In that case, the Court of Civil Appeals noted that "[t]he trial court [had] served as fact-finder.... [It] concluded that `the notice of cancellation was mailed, by certified mail, by the [insurer] to [the insured's] post office [box].'" Id. at 484. Therefore, the Court of Civil Appeals' characterization of the proof of mailing is purely dictum. However, it should be noted that proof of certified mailing of notice of cancellation was supported by the testimony of a postal clerk that the notice had been received at the local post office, and that two notices of its availability for delivery had been placed in the insured's post office box. The notice of cancellation was returned to the insurer, because it was unclaimed by the insured. This Court has been presented with no such evidence in this case.
The United States Postal Service's certificate of mailing is evidence indicating that the notice of nonrenewal was mailed as required by the State Farm policy. Under the common-law rule, however, the insured's denial of receipt creates an issue for the factfinder to determine. There is no reason for this Court to abandon the common-law rule.
BROWN and JOHNSTONE, JJ., concur.
NOTES
[1] A "certificate of mailing" is a service offered by the United States Postal Service. Upon payment of an additional fee, domestic customers can get a certificate evidencing the mailing of a specific piece of mail on a specific day.
[2] The fact that the issue in Harrell was adjudicated after a bench trial does not compel the conclusion that a factual determination was involved, because Harrell was decided before Rule 56, Ala. R. Civ. P., was promulgated in 1973. The promulgation of that rule made summary judgment available in Alabama for the first time.