Plaintiffs, Ranger Insurance Company and the owners of a motel then operating as the Holiday Motel,[1] filed suit against numerous defendants, including Hartford, etc., seeking damages for property loss arising from a fire at the motel on August 21, 1977, and for any resulting loss of profits. In addition, Ranger Insurance Company, which had the fire loss coverage, made a subrogation claim for amounts paid under its insurance policy. Prior to the fire, on August 8, 1977, employees of defendant Hartford Steam Boiler Inspection and Insurance Company (hereinafter Hartford) inspected the steam boilers, water heaters and other equipment in the motel. This general inspection was conducted in the boiler room where a water heater, allegedly *Page 41 
connected with the fire, was located. Plaintiffs claimed that Hartford negligently inspected or failed to inspect the equipment properly once the duty to inspect was undertaken. That is, the inspection allegedly failed to locate, detect or otherwise ascertain the defective condition which caused the fire. According to plaintiffs, then, the fire was a proximate consequence of the allegedly negligent inspection. On November 30, 1979, Hartford's motion for summary judgment was granted by the trial court. Plaintiffs appealed that judgment. We affirm.
Plaintiffs contend that their complaint of negligent inspection stated a valid claim against Hartford, and therefore, the trial court erred in granting summary judgment. Relying primarily upon Beasley v. MacDonald EngineeringCompany, 287 Ala. 189, 249 So.2d 844 (1971), plaintiffs argue that once Hartford voluntarily undertook to conduct an inspection of plaintiff's premises it was thereafter charged with the duty to perform the undertaking in a reasonable manner. Liability would arise from the negligent performance of the voluntary undertaking, i.e., the inspection.
Although we recognized in Beasley the common law right of recovery for negligent inspection, that case concerned a right of recovery by injured workers against a workmen's compensation insurance carrier for negligent safety inspections. The duty assumed by the carrier was the employer's duty to its employees to provide a reasonably safe place to work. That is, the carrier was liable to third persons, e.g., employees, for negligent performance of the undertaking. In the instant case, however, plaintiffs do not present a situation where an injured employee or some other third person claims negligent inspection by the insurer, but claim under a first person theory in which the insured alleges that it is entitled to benefit from the insured's inspection. Plaintiffs urge this court to ignore the relationship between the parties and to extend the common law right of recovery for negligent performance of a voluntary undertaking to claims based upon a first person theory of liability.
In Hartford Steam Boiler Inspection and Insurance Company v.Pabst Brewing Company, 201 F. 617 (7th Cir. 1912), the United States Court of Appeals for the Seventh Circuit addressed the issue of negligent inspection in a tort action brought by an insured against its insurer, Hartford. The court stated that "[t]he service and duty [of Hartford] are not derived from the insurance contract, and it is not essential to define their origin as contractual or otherwise. This doctrine of duty incurred and of liability for injurious negligence in its performance is of common-law origin." Id. at 630. The recognition of this general principle, however, was followed by an exception:
 [N]o such rule of duty obtains in favor of the assured where the inspections are attributable alone to the policy provision for the sole benefit of the insurer, which would leave no ground for a finding of fact that they were understood between the parties to be made and accepted as inspection service for direct benefit to the Brewing Company [insured]. . . . [Id.
at 629.]
The facts of this case fall within that exception. It is undisputed that Hartford voluntarily inspected the equipment in question. Nonetheless, according to the Seventh Circuit inPabst, in order to establish a legal duty owed by Hartford, plaintiffs must have evidence that the insurance inspection wasan undertaking for the benefit of plaintiffs (the insured). No such evidence has been presented. The insurance policy between the parties sets out the definitive terms governing any inspections by Hartford. In particular, Section 11 of the policy provides:
 The Company shall be permitted but not obligated to inspect, at all reasonable times, any Object designated and described in the Declarations forming a part of the policy. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such *Page 42 
Object is safe or healthful. [Emphasis added.]
The courts must enforce unambiguous insurance contracts as they are written and cannot defeat express provisions in a policy by judicial interpretation. Westchester Fire InsuranceCompany v. Barnett Millworks, Inc., Ala., 364 So.2d 1137, 1140
(1978). Clearly, the inspection by Hartford was never intended to be an undertaking for the benefit of the insured. Hartford conducted a limited insurance inspection of insured objects for its own use and benefit, e.g., to determine whether to insure the equipment and, if so, to calculate the correct insurance premium, not a general safety inspection for the benefit of the insured.
In addition to the inspection disclaimer in the insurance contract, the record further reveals, through evidence that inspections were performed by at least two other independent insurance companies, that plaintiffs did not rely upon the inspection made by Hartford. Testimony also indicates that plaintiffs relied upon maintenance workers to inspect the equipment on the premises. We held in United States Fidelity Guaranty Company v. Jones, Ala., 356 So.2d 596 (1977), that reliance is not a requisite of the tort of negligent inspection; however, that case concerned a third person, i.e., an injured worker suing his employer's insurance company. The plaintiffs in the instant case, as parties to the insurance contract, had knowledge of the terms of the agreement, a factor not present in Jones. Nonreliance by the plaintiffs, then, is relevant in proving the absence of any duty owed by Hartford. In fact, the court in Pabst specifically noted that reliance or the lack thereof by the insured, which is understood by the insurer, is of "probative force to show both the undertaking of duty and relation of the parties upon which the action for negligence in performance thereof may be predicated." 201 F. at 629.
No tort exists when no legal duty is owed from the alleged tortfeasor to the party claiming injury. Twine v. LibertyNational Life Insurance Company, 294 Ala. 43, 311 So.2d 299
(1975). Finding that the contract here negates the existence of any duty owed by Hartford to conduct safety inspections for plaintiffs, we hold that plaintiffs have not stated a claim for negligent inspection. The trial judge did not err in granting summary judgment in favor of Hartford. Therefore, that judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] The owners are now deceased, and their estates have been substituted for them in this action. The Holiday Motel is now the Hiway Host Motor Lodge, Inc.