This is an appeal from a declaratory judgment in favor of the defendant, State Farm Mutual Automobile Insurance Company. We affirm.
On August 28, 1981, the appellants, Charles and Gloria Hilliar, purchased liability insurance on a 1971 Chevrolet Monte Carlo from the local State Farm agent, Otto Vollinger. On that date, the Hilliars paid only a portion of the $89.75 premium for the six-month policy period. A balance of $44.87 remained due.
On December 17, 1981, the Hilliars' daughter was involved in an automobile accident while driving the Monte Carlo. The local State Farm agent was notified of the accident on the following day, whereupon he informed the Hilliars that the policy covering that automobile had been cancelled. Notwithstanding, a claim was submitted, and the Hilliars received a denial of coverage by registered mail from State Farm dated January 29, 1982. State Farm contends that on November 2, 1981, it had mailed a notice that the policy would be cancelled, effective November 29, 1981, unless the balance due on the six-month premium was paid in full.
The Hilliars filed this declaratory judgment action against State Farm to determine whether coverage exists on the automobile involved in the December 17 accident. State Farm moved for summary judgment, which was denied.
Following a trial on the merits, the trial court entered its order, holding that State Farm had properly and effectively cancelled the policy covering the Monte Carlo prior to the time of the accident, because of the Hilliars' failure to pay the premiums. State Farm, therefore, the court ruled, was not obligated to defend the Hilliars or their daughter in any suit arising from that accident nor to pay any judgment rendered against them. We affirm.
The only issue presented is whether State Farm met its burden of proving the cancellation notice was properly mailed. Section27-23-25, Ala. Code 1975, controls in this instance. That section reads: "Proof of mailing of notice of cancellation to the named insured at the address shown on the policy shall be sufficient proof of notice." In the past, we have reviewed policy provisions which contain language similar to that of the statute, but have not before had a case in which the statute itself was relied on. E.g., Security Insurance Company ofHartford v. Smith, 360 So.2d 280 (Ala. 1978).
In Security Insurance Company, supra, this Court held that where an insurer is setting up cancellation as a defense on a policy, it has the burden of proving by clear and convincing evidence that the notice of cancellation was mailed to the insured. Proof of actual receipt of the notice by the insured is not required, and where the insured insists, as in this case, that the notice was never received, it becomes a question of fact as to whether the cancellation *Page 289 
notice was properly mailed. Harrell v. Alabama Farm BureauMutual Casualty Insurance Company, 287 Ala. 259, 251 So.2d 220
(1971).
State Farm contends that it complied with the statute, as well as the provisions contained in the policy, and met its burden of proof as to the proper mailing of the notice of cancellation. We agree.
State Farm submitted evidence of the procedures followed prior to the cancellation of a policy. John Victory, service superintendent for the South Alabama Automobile Division of State Farm, testified to the procedure of State Farm for cancelling a policy for nonpayment of premiums, as follows:
 "For non-payment of premiums, we obviously have not received all the money that was due on the policy. And, when the money that was received or is received is applied to the policy, the amount is fed into the computer. And, the computer makes the determination how much is remaining to be paid and how far, how many days or months or whatever the premium that was paid, how far it will carry that policy to. And, it calculates the due date, the amount remaining to be paid and what the cancellation date will be. And, it also generates the balance due notice. And, in the case of a new policy being purchased, it is our procedure to send the notice, the balance due notice with the policy, with a declaration page to the agent. And then, if we still have not received the amount of money remaining on the date that the computer has calculated there, then it will generate a cancellation notice. And, the cancellation notice is printed by the computer with two copies. And, they are mailed, one to the policyholder and one to the agent and we keep one on file in the Regional Office."
Jimmy McKeaver, postal operator at State Farm, testified in detail as to the procedure followed at State Farm for the mailing of cancellation notices. His testimony was as follows:
 "I process them, I verify the copy that they send down that I stamp, that I send back upstairs, I verify that information that is on the copy with the copy that is in the envelope that is sent to the insured. Once I make this verification, I count them, make sure there is the right number, cancellation notice with the file copies. After I do this, I run them through the postal meter and put postage on them, count them again. And, at the end of the day, I hand carry them to the Post Office."
In addition, McKeaver testified that after these notices come under his control no one else has access to them until after they are mailed. To verify the exact number of notices mailed on any certain day, McKeaver checks to be sure the number of notices mailed is exactly the same number of file copies retained at the office. He also counts the number of envelopes to be mailed and gets a second total when he runs the sealed envelopes through the postage meter for stamping.
McKeaver also verified the file copy of the cancellation notice sent to the Hilliars, noting the file stamp bearing his initials he had affixed to the notice. This procedure is performed only after Mr. McKeaver has made his final check to be certain the insured's notice is in the proper envelope and that it conforms to the file copy to be retained by that office.
The Hilliars maintain that they never received the notice of cancellation from State Farm. There is additional evidence, however, that the Hilliars were made aware, prior to the time the policy was actually cancelled, that the full premium was not paid on their insurance policy. Mrs. Hilliar testified that she was the one who purchased the policy and that on the application, located directly beside the line where she signed her name, are the total amount due for coverage during the full six-month policy period, the "remittance received," and the "balance due," which clearly shows a balance due of $44.87. The evidence shows that sometime around October 2, Mrs. Hilliar received the insurance policy in *Page 290 
the mail. The envelope in which the policy was sent was marked in bold letters "Statement Enclosed," and shown on the declaration page of the enclosed policy was the total premium in the amount of $89.75 for the six-month policy period. These factors, in and of themselves, should have been sufficient to place the Hilliars on notice that there existed a balance due on their insurance policy covering the Monte Carlo.
Mrs. Hilliar testified that when she was informed of the lack of coverage on the automobile by the local agent of State Farm, she was also informed that the agent had his copy of the cancellation notice in his file at the local office. This is in keeping with the procedure described by McKeaver.
The appellants offered no evidence that the notice was not properly mailed by State Farm, other than Mrs. Hilliar's statement that she did not receive the notice. As previously noted, it is unnecessary under the statute for State Farm to prove actual receipt of the notice by the Hilliars. It need only show that the notice was properly mailed. We believe, as did the trial court, that the evidence clearly and convincingly establishes that the notice of cancellation was mailed to the Hilliars at the address shown on the policy.
This being the only question presented by this appeal, the judgment of the trial court is due to be, and hereby is, affirmed.
AFFIRMED.
MADDOX, JONES, BEATTY and ADAMS, JJ., concur.