Larry Glenn Hinkle filed an action against Burgreen Contracting Company (Burgreen) and Benjamin Townsend, seeking damages resulting from an automobile accident. In his complaint he alleged negligence, negligence per se, and wanton misconduct. In answering the complaint, Burgreen and Townsend asserted the affirmative defense of contributory negligence.
Burgreen and Townsend filed a motion for a summary judgment, with supporting evidence. Hinkle opposed the motion, with supporting evidence. Following a hearing, the trial court granted Burgreen and Townsend's motion. The trial court found as a matter of law that Hinkle was contributorily negligent. Hinkle filed a post-judgment motion, which was denied. Hinkle appeals. This case is before us pursuant to § 12-2-7(6), Code 1975.
Viewing the evidence in a light most favorable to Hinkle,Specialty Container Mfg., Inc. v. Rusken Packaging, Inc.,572 So.2d 403 (Ala. 1990), we find that the record reflects the following: On June 10, 1993, Hinkle was injured when his car collided with an asphalt roller owned by Burgreen and operated by Townsend. Hinkle was travelling eastbound on a divided, four-lane highway when the accident occurred shortly before *Page 799 
noon. He was travelling 40 or 45 miles per hour at the time of the accident in an area where the posted speed limit was 55 miles per hour. Hinkle did not see the roller until just before impact. He was rendered unconscious and suffered cracked ribs, closed head trauma, a deep cut on his left leg, and a pinched nerve in his wrist.
Prior to the accident Burgreen had completed construction work on private property along the divided, four-lane highway, involving about 12 workers and several pieces of equipment. Around noon Burgreen commenced to move its men and equipment to another site, approximately 3/4 miles down the highway. Townsend was instructed to move the roller. The roller travels at a speed of 5 to 8 miles per hour. It has a triangular reflective marker attached to the back of the machine, but has no other lights, flashers, signs, or warning devices.
Townsend testified that he travelled in the right eastbound lane for a distance and then moved to the left eastbound lane. Townsend stated that prior to changing lanes, he looked behind him and did not see any cars in the left lane. He did not give a turn signal because there were no signals on the roller. Townsend testified that prior to the accident, he was looking straight ahead in the direction which he was travelling, he did not see Hinkle's automobile before impact, and he did not hear any brakes or screeching tires before impact.
Joyce Brewer, a witness to the accident, averred that she was looking out the window and "saw an asphalt roller on U.S. 72 eastbound in the inside lane, and it moved to the right lane and then I saw a brown automobile collide with the asphalt roller. I did not see any escorts at all in the front or rear of the roller."
Townsend testified that he did not have an escort on the route. An employee of Burgreen stated that a Burgreen truck was attempting to escort the equipment, but it was stopped by a traffic light. Burgreen did not have set regulations concerning when to use escorts or when to transport the equipment via trucks or trailers.
In entering a summary judgment in favor of Burgreen and Townsend, the trial court found that "there is no way that a reasonable jury could conclude that [Hinkle] exercised due care when he did not see [Burgreen's] vehicle." It concluded that Hinkle was contributorily negligent as a matter of law. The trial court did not address the wanton misconduct claim. Therefore, the only issue before us is whether the trial court erred in entering a summary judgment on Burgreen and Townsend's affirmative defense of contributory negligence.
A motion for a summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v.Servpro, 581 So.2d 859 (Ala.Civ.App. 1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala. 1989). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala. 1989).
As a general rule, the issue of whether one is contributorily negligent is a question for the jury. Adams v. Coffee County,596 So.2d 892 (Ala. 1992). It may be found to exist as a matter of law, however, when the evidence is such that reasonable people must reach the same conclusion that the plaintiff was negligent and that such negligence was the proximate cause of the injury. Gulledge v. Brown Root, 598 So.2d 1325 (Ala. 1992). "Unless the evidence submitted on a summary judgment motion is wholly without adverse inferences or is free from any doubt, summary judgment must not be entered, but the issues must be submitted *Page 800 
to the jury." Gossett v. Twin County Cable T.V., Inc.,594 So.2d 635 (Ala. 1992).
Viewing the evidence in favor of Hinkle, we conclude that reasonable minds may differ on the question of whether Hinkle was guilty of contributory negligence. Townsend's testimony that he did not see Hinkle before the impact creates a factual question as to whether Townsend was negligent in failing to keep a proper lookout before making a lane change. Hinkle's testimony that he did not see the roller before the impact creates a factual question as to whether Townsend was actually in the lane ahead of Hinkle as Townsend claimed, or had just turned into the right lane prior to impact. Joyce Brewer's statement similarly creates a question of fact concerning the cause of the accident.
A genuine issue of material fact clearly exists. The entry of a summary judgment was error. The judgment is reversed and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur. *Page 801 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 802 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 803 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 804 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 805 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 806 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 807 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 808 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 809 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 810 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 811 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 812 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 813 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 814 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 815 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 816 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 817 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1041