Paulette Sears sued Waste Processing Equipment, Inc., d/b/a Max-Pak, alleging that an industrial-sized cardboard waste compactor manufactured by Max-Pak had caused her injury and that the compactor was defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). Max-Pak moved for a summary judgment; the trial court granted the motion and entered a judgment in favor of Max-Pak. Sears appealed to the supreme court. Her appeal was transferred to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Viewing the evidence in a light most favorable to Sears, seeHinkle v. Burgreen Contracting Co., 678 So.2d 797
(Ala.Civ.App. 1996), we find that the record reflects the following: Max-Pak manufactured the compactor at issue in October 1989; that same month, it was installed in Burton's Grocery Store; and on January 11, 1994, Sears, who at that time was employed at Burton's as the manager, was injured when, she says, the door of the compactor came "crashing down" on her left arm.
The compactor is a vertically operating machine that utilizes a large steel platen to crush and compact cardboard. It functions in the same manner as a home trash compactor, except that it is larger. After the cardboard waste is placed in the open cargo area of the compactor, the operator must manually pull the handle on the door to release the safety latch and close the door. The compactor will not operate until the door is closed. After the door is closed and the operator pushes the "down" button, the platen descends and compacts the cardboard, and it then automatically returns to its "up" position at the top of the machine. As the platen returns to its up position, it attaches to the handle of the door, and raises the door to the latched, up position with the platen. The door is supported on each upper end by two steel cables that run over pulleys on each upper end and down into cylindrical tubes where the cables are attached to counterweights. The counterweights are attached to the cables supporting the door to allow for the smooth and guarded closing of the door.
Both cables supporting the door were broken before the January 11, 1994, accident. In fact, one cable had broken approximately one year before the accident; the other cable had broken approximately two months before the accident. Nevertheless, Sears and other employees of Burton's had continued to use the compactor by manually closing the door before operation. Sears was aware that the door was much heavier and harder to close than it used to be and that the door no longer had any resistance. She instructed her employees to be careful, because she felt the door was dangerous. Sears testified that she was aware that one of the stock persons almost got his arm caught when he lifted the door to free a piece of stuck cardboard. Max-Pak never received notice that the cables were broken.
As to the accident itself, Sears stated the following:
 "I was in the office. And [an employee] came to the office and told me that the box crusher wouldn't work, that there was a box stuck. . . . I went to the back with her and saw that the box was stuck. I asked her to lift up on the door so I could pull the box out. So she lifted up on the door, and I pulled out the box. And then the next thing I remembered the door was on my arm."
The court entered a summary judgment in favor of Max-Pak, holding that Sears had been contributorily negligent and that she had assumed the risk in operating the compactor. Therefore, the only issue properly before us is whether the court erred in entering *Page 53 
the summary judgment on Max-Pak's affirmative defenses of contributory negligence and assumption of the risk.
A motion for summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Hinkle. If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of material fact. Id. In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. Id.
The affirmative defenses of contributory negligence and assumption of the risk are viable defenses under the AEMLD.Hicks v. Commercial Union Ins. Co., 652 So.2d 211 (Ala. 1994). In order to sustain a finding of contributory negligence as a matter of law, the evidence must show that the plaintiff put herself in danger's way, that she appreciated the danger confronted, and that the appreciation of the danger was a conscious appreciation at the moment the incident occurred. Id.
In order to establish assumption of the risk as a matter of law, the evidence must show that the plaintiff discovered the alleged defect, was aware of the danger, proceeded unreasonably to use the product, and was injured. Id.
In entering the summary judgment in favor of Max-Pak, the court stated:
 "[Sears] argues, despite her deposition testimony and answers to interrogatories, that she did not appreciate the danger of her arm being injured when she placed the cardboard within the [compactor] since additional coworkers testified that the [compactor] continued to be functional when the door's cables were broken. In support of this argument, [Sears] presented the affidavit of John Frost, a proposed safety expert. The affidavit was not submitted to the Court until the day of oral argument.
 "The Court is not persuaded by [Sears's] argument and finds it to be without merit. The Court finds that [Max-Pak] has come forth with sufficient evidence to show that [Sears] voluntarily placed herself in a position of danger, appreciated the danger, and had a conscious appreciation at the moment the incident occurred. [Therefore], the Court finds that [Sears] was contributorily negligent as a matter of law.
 "Furthermore, the Court also finds that [Max-Pak's] evidence is sufficient to meet the higher standard of showing that [Sears] was specifically aware of the danger posed by the product at issue at the time of the incident, and that she voluntarily and intelligently assumed the risk of her injuries despite such awareness. Thus, the Court finds as a matter of law that [Sears] assumed the risk of her injuries."
The court's holdings are supported by the record. There being no genuine issue as to any material fact, the trial court properly entered the summary judgment. McDonald v. Servpro,581 So.2d 859 (Ala.Civ.App. 1991).
Sears contends that she was prejudiced because the court failed to strictly adhere to the time requirements of Rule 56, Ala.R.Civ.P.; however, she cites no authority to support her contention. We, therefore, decline to address it. Harris v.Harris, 528 So.2d 866 (Ala.Civ.App. 1988).
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MONROE, J., dissents.