An Alabama attorney and her legal liability insurer appeal from a judgment entered in an action in which the attorney was sued for legal malpractice. The questions presented are: Did the trial judge err in finding that the parties had entered into an agreement to settle for the "policy limits," and did the trial judge err in determining that there were two occurrences instead of one?
The record shows that the parties, in the presence of the trial judge,[1] discussed settlement of the case, but subsequently got into a dispute relating to the amount agreed upon, the dispute primarily involving a disagreement over the trial court's legal determination that the "policy limits" were $500,000 instead of $250,000.
The trial court, in a written order, made several findings of fact and conclusions of law, and, based on those findings and conclusions, entered a final judgment against L. Sharon Egbert and her legal malpractice insurer, Continental Casualty Company ("CNA"), in favor of the plaintiff, Johnnie Mae Brooks, in the amount of $500,000, the maximum aggregate limits of the policy.
Although CNA and Egbert question whether the parties had a meeting of the minds on the terms of the settlement, they primarily argue that there was a single act of malpractice and that the "policy limits" were as they represented. The record shows that the parties disagreed on several points of law at the trial level; on this appeal they renew their disagreement on the applicable law.
Because of that disagreement, and for a better understanding of the legal issues presented, we have reviewed very carefully the written order issued by the trial judge in which he determined that the parties had *Page 764 
agreed, in his presence, to settle for the "policy limits."
It is apparent from a reading of the record that CNA contended at the trial level and represented to the trial judge that the policy limit was $250,000. That is the amount the trial judge initially ordered the defendants to pay. The plaintiff subsequently contended that she had been misled to believe that the policy limit was only $250,000 and that in fact it was greater, and she asked the trial judge to reopen the case. He did so, and, after conducting a hearing on the matter, stated in his final order that "the policy limit, under the facts of this case, [was] Five Hundred Thousand Dollars ($500,000.00)." He entered a judgment awarding the plaintiff $500,000 (less defense costs). CNA and Egbert appeal from that judgment.[2]
After thoroughly reviewing the record and the briefs of the parties, we think it clear that the parties, in fact, did agree, as found by the trial judge, to settle the claim for the "policy limits." It is also clear to us that the trial judge's legal conclusion was that the policy limit, under the facts of this case, was $500,000 based upon his determination that the plaintiff alleged and proved two separate claims of malpractice. Because we disagree with that determination, we must reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
The determinative fact is whether the plaintiff's malpractice claims arise out of or are "connected with the same" wrongful acts or arise out of "related wrongful acts." The trial court held that the claims were not "connected" or "related." We disagree.
In her complaint, as amended, the plaintiff alleged the following:
 "On or about the 23rd day of September, 1993 through October 22, 1993, defendant L. Sharon Egbert, a Dothan, Alabama attorney, prepared four quitclaim deeds and a durable power of attorney for plaintiff to sign, giving away all of her title to the aforesaid real property to Betty Cain and giving total control and partial ownership to all of plaintiff's personal assets to Betty Cain. . . ."
CNA and Egbert argue that the wording of this claim shows that the alleged legal malpractice arose out of one continuing act, although the attorney made separate billings. We agree.
The trial judge held that "[a]lthough the acts of malpractice, concerning the preparation and execution of deeds on September 23, 1993 and October 22, 1993, involved the same property and parties, each act was separate and distinct." He stated that "[n]either act was dependent upon the other occurring," citing United States Fire Ins. Co. v.Safeco Ins. Co., 444 So.2d 844 (Ala. 1983), and Home IndemnityCo. v. Anders, 459 So.2d 836 (Ala. 1984), as authority for his determination that Brooks had presented more than one malpractice claim. He also said that Bay Cities Paving Grading, Inc. v. Lawyers' Mut. Ins. Co., 5 Cal.4th 854,21 Cal.Rptr.2d 691, 855 P.2d 1263 (1993), cited by CNA and Egbert as authority for the proposition that only one claim was presented, was "easily distinguishable from the case at bar in that the two acts of malpractice therein did not cause separate and distinct damages for each act." We disagree.
Egbert's policy states as follows:
 "[T]he limit of liability stated for 'each claim' is the maximum we will pay for all claims and claim expenses arising out of, or in connection with, the same or related wrongful acts.
 "Claim expenses are included within, and are not in addition to, the limit of liability."
As we have already pointed out, the plaintiff, in stating her claim against Egbert, alleged that "[o]n or about the 23rd day of September, 1993 through October 22, 1993, *Page 765 
defendant L. Sharon Egbert, a Dothan, Alabama attorney, prepared four quitclaim deeds and a durable power of attorney for plaintiff to sign, giving away all of her title to the aforesaid real property to Betty Cain and giving total control and partial ownership to all of plaintiff's personal assets to Betty Cain." We conclude that the principle of law set out by the Supreme Court of California in Bay Cities Paving Grading, Inc. v. Lawyers' Mut. Ins. Co., construing policy provisions similar to those in this case, is applicable here.[3]
In fact, this Court cited favorably that case in a recent opinion. See, Attorneys Insurance Mutual of Alabama, Inc. v.Smith, Blocker Lowther, P.C., [Ms. 1950420, Aug. 2, 1996] ___ So.2d ___ (Ala. 1996). Also, see Ranger Insurance Co. v.Hartford Steam Boiler Inspection Insurance Co., 410 So.2d 40
(Ala. 1982), Upton v. Mississippi Valley Title Ins. Co.,469 So.2d 548 (Ala. 1985).
Although the record shows that Egbert committed various acts of malpractice in connection with preparing deeds, wills, and a power of attorney, all of those acts, in our judgment, led to a single result that formed the basis of Brooks's claim: the loss of title to property.
We find no error in the trial court's finding that the parties had entered into a settlement agreement, but that court erred in holding that the attorney's various acts of malpractice did not "arise out of, or in connection with, the same or related acts." We must reverse the judgment and remand the cause for further proceeding consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
BUTTS, J., concurs in the result.
[1] The trial judge was Judge Bobby R. Aderholt, sitting by designation of the Chief Justice. Each of the judges in the Twentieth Judicial Circuit, where the case was filed, had recused himself.
[2] The parties disagree an the terms of the settlement agreement. Attorney Egbert and CNA claim that they agreed in open court with the plaintiff's counsel to pay $250,000, the "per-claim" amount of the policy; and the plaintiff, Johnnie Mae Brooks, claims that CNA and Egbert agreed to pay the "policy limits," which she maintains would be $500,000, the amount determined by the trial court to be the policy limit based on his determination that there were two separate acts of legal malpractice shown. That is not all they disagree on. The plaintiff also argues that CNA and Egbert fraudulently represented to her the amount of the policy limit.
[3] In the Bay Cities case, the attorney's malpractice policy contained the following provision regarding the limits of liability:
 "Two or more claims arising out of a single act, error or omission or a series of related acts, errors or omissions, shall be treated as a single claim."
5 Cal.4th at 857, 21 Cal.Rptr.2d at 692, 855 P.2d at 1266.