742 So.2d 178 (1997)
Willetha Renee SPRIGGS
v.
COMPASS BANK and Alfa Insurance Company.
2960787.
Court of Civil Appeals of Alabama.
December 5, 1997.
Rehearing Denied January 23, 1998.
*179 M. Clay Alspaugh and Benjamin E. Baker, Jr., of Hogan, Smith & Alspaugh, P.C., Birmingham, for appellant.
Michael L. Edwards and Gregory C. Cook of Balch & Bingham, L.L.P., Birmingham, for appellee Compass Bank.
Connie Ray Stockham and Stephanie Zohar of Stockham & Stockham, P.C., Birmingham, for appellee Alfa General Insurance Company.
YATES, Judge.
Willetha Renee Spriggs sued Compass Bank and Alfa Insurance Company, alleging negligence, a breach of contract, and fraud. Compass Bank and Alfa moved for summary judgments. The trial court granted the motions and entered judgments in favor of Compass Bank and Alfa. Spriggs appealed. The case was transferred to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for summary judgment is to be granted if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Hinkle v. Burgreen Contracting Co., 678 So.2d 797 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Viewed in a light most favorable to Spriggs, see Hinkle, supra, the evidence in the record suggests the following facts: In February 1994, Spriggs bought a home, borrowing funds from Compass Bank. Before the loan closing, Compass Bank instructed Spriggs that the mortgage would require her to obtain insurance on the *180 home. Spriggs went to Alfa to obtain insurance. Alfa issued to Spriggs an "Evidence of Insurance Form", which she presented at the February 18, 1994, closing. A check was written by the closing attorney to Alfa for $350the insurance premium for one year.
Spriggs moved into her new home on March 3, 1994; the house was destroyed by fire on April 30, 1994. On May 2, 1994, Spriggs went to the Alfa office to make a claim. Spriggs was informed that her application had been rejected and that there was no policy on her home. Alfa claimed that on February 24, 1994, it had written a letter to Spriggs and Compass Bank canceling the policy effective March 7, 1994. Both Spriggs and Compass Bank claimed never to have received the February 24, 1994 letter providing notice of the cancellation.

I. Alfa's Summary Judgment
Spriggs argues that the court erred in entering the summary judgment in favor of Alfa because, she says, a genuine issue of material fact existed as to whether she received the notice of cancellation from Alfa.
Section 27-23-25, Ala.Code 1975, provides: "Proof of mailing of notice of cancellation ... to the named insured at the address shown in the policy shall be sufficient proof of notice." Where an insurer claims cancellation as a defense on a policy, it must prove by clear and convincing evidence that the notice of cancellation was mailed to the insured. Hilliar v. State Farm Mutual Automobile Ins. Co., 451 So.2d 287 (Ala.1984), and Harrell v. Alabama Farm Bureau Mutual Casualty Ins. Co., 287 Ala. 259, 251 So.2d 220 (1971). "Proof of actual receipt of the notice by the insured is not required, and where the insured insists ... that the notice was never received, it becomes a question of fact as to whether the cancellation notice was properly mailed." Hilliar, supra, at 288-89.
Alfa contends that it complied with the statute and that it met its burden of proof as to the proper mailing of the notice of cancellation.
Kim Lolley, a senior mail clerk at Alfa, testified by deposition and in affidavit about Alfa's standard operating procedure in handling letters of rejection and cancellation. She stated that all such letters are prepared with an original and one copy, and that they are placed in a designated basket. The typed letters are then removed from the basket by either the supervisor of mail operations or a senior mail clerk and the original and the copy are examined to verify that both have the same address and date. The original is then placed in an envelope addressed to the address found on the applicant's declaration page. The letter is then placed through a postal machine, which seals the envelope and places postage on it, and the letter is then placed in a tray supplied by the United States Postal Service. The letter is then placed on the loading dock and is picked up by the United States Postal Service. The copy of the letter is initialed to verify that the proper procedure was followed, and the copy is placed in a "drawer type assembly." When the drawer becomes full, the copies are taken to the basement and filed by date; the copies are retained for seven years. The copy of the cancellation letter to Spriggs was stamped with Lolley's name and was date-stamped "February 24, 1994"it was offered as an exhibit to Lolley's affidavit.
John Young, the other Alfa senior mail clerk, mailed the cancellation letter to Compass Bank. He testified to the procedure he used in mailing the letter. The procedure was the same procedure used by Lolley.
Spriggs denied receiving the cancellation letter. Her assertion, standing alone, would not be sufficient to defeat Alfa's motion for a summary judgment. Hilliar, supra. However, Compass Bank says that it too did not receive the notice of cancellation. This additional evidence presents a question of fact as to whether the notice of cancellation was properly mailed.
*181 The summary judgment in favor of Alfa is reversed, and the case is remanded for further proceedings.

II. Compass Bank's Summary Judgment
Spriggs asserts that the court erred in entering a summary judgment in favor of Compass Bank, because, she says, a question of fact remained as to whether Compass Bank had breached its internal policy, which called for it to notify Spriggs of the cancellation of her insurance policy.
The mortgage agreement between Spriggs and Compass Bank provided that Spriggs would maintain insurance coverage on the mortgaged property. The mortgage agreement contained no requirement that the Bank notify Spriggs that the insurance she was required to obtain had been canceled. Compass Bank, however, maintained an internal policy of sending demand letters to its borrowers once it had received notice that the borrower's insurance had been canceled. The demand letter provides:
"The insurance policy on the above mentioned real estate loan has been canceled, and we have not received a new policy.
"Your contract with Compass Bank requires you to maintain insurance on the property securing the loan, that Compass Bank be named as lienholder on the policy, and that you provide the bank with evidence of your insurance coverage."
Spriggs relies on the "undertake a duty" doctrine to support her argument. She insists that Compass Bank voluntarily "undertook a duty" to inform its insureds of insurance cancellations, and that it breached by not notifying her of the cancellation.
We conclude that Compass Bank was entitled to a judgment as a matter of law on numerous grounds. The most notable one, however, is that the internal procedure maintained by Compass Bank was promulgated for its benefit and not for Spriggs's benefit.
Alabama recognizes the "undertake a duty" doctrine. That doctrine provides that one who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting with due care and is liable for negligence in connection therewith. Dailey v. City of Birmingham, 378 So.2d 728 (Ala.1979). However, no duty arises if the voluntary act of the lender inures to the benefit of the lender and not to the benefit of the borrower. Pugh v. Butler Telephone Co., 512 So.2d 1317 (Ala.1987); Rudolph v. First Southern Federal Sav. & Loan Ass'n, 414 So.2d 64 (Ala.1982); Ranger Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co., 410 So.2d 40 (Ala.1982).
Compass Bank sends demand letters to its borrowers demanding that they comply with their contractual duty to maintain insurance to protect the Bank's interest in the property; therefore, it is clear that Compass Bank has not, by its policy of sending demand letters, assumed a duty that runs to Spriggs. The internal policy is merely a policy adopted to protect Compass Bank's contractual rights.
Spriggs also asserts that the court erred in entering the summary judgment in favor of Compass Bank without allowing her time for additional discovery pursuant to Rule 56(f), Ala. R. Civ. P. Even assuming that the court erred in refusing to grant Spriggs's Rule 56(f) motion for additional discovery, we conclude that such an error would have been harmless. Given our ruling on the "undertake a duty" doctrine, additional discovery would have been futile. Rule 45, Ala. R.App. P.
The summary judgment for Compass Bank is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
MONROE, J., concurs.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result.
THOMPSON, J., concurs in part and dissents in part.
*182 CRAWLEY, Judge, concurring in the result.
I disagree with the statement by Judge Yates (as well as the statement by Judge Thompson, dissenting) that Spriggs's claim that she failed to receive the cancellation notice, standing alone, would have been insufficient to defeat Alfa's motion for summary judgment. Under Hilliar v. State Farm Mut. Auto. Ins. Co., 451 So.2d 287 (Ala.1984), that evidence, by itself, would have been sufficient to create a genuine issue of material fact.
THOMPSON, Judge, concurring in part and dissenting in part.
Alfa submitted clear and convincing evidence of compliance with the requirements set forth in Ala.Code 1975, § 27-23-25. The insurer produced a copy of a cancellation notice dated February 24, 1997, that had been properly addressed to Ms. Spriggs at the address listed on the "Evidence of Insurance Form." Alfa provided sworn affidavits from two senior mail clerks responsible for mailing the cancellation notice. These clerks provided detailed testimony regarding the procedure used in mailing the cancellation notice. The lead opinion correctly notes that Ms. Spriggs's claim that she failed to receive the notice, by itself, would be insufficient to defeat Alfa's motion for summary judgment. I disagree, however, with Judge Yate's conclusion that because Compass Bank has no record of receiving the notice, a fact question is created for the jury on the issue whether the notice was properly mailed.
The record contains additional evidence demonstrating that Ms. Spriggs, before the date of the loss, had been made aware that her homeowner's insurance coverage had been canceled. Alfa had contacted the closing attorney's office in early March, 1994 and notified the closing attorney's secretary that the closing application had been rejected. Alfa returned the original check at that time and the closing attorney immediately forwarded a replacement check to Compass Bank. Carolyn Clay, the closing attorney's secretary, contacted Ms. Spriggs by telephone on April 1, 1997, and told her that her application for insurance coverage had been rejected. Alfa never cashed Ms. Sprigg's check for the amount of the premium. The closing attorney forwarded a replacement check to the bank.
Before the closing, and in an effort to accommodate Ms. Spriggs, Alfa provided Spriggs with immediate homeowner's coverage to enable her to satisfy her loanclosing requirements. Because time did not permit for processing of Ms. Spriggs's application, the company deferred its complete evaluation of Ms. Spriggs's application; that evaluation was necessary for Alfa to determine whether she met Alfa's risk evaluation guidelines. Surely Alfa should be able to cancel this coverage in the same prompt and certain manner in which it was originally extended.
I conclude that Alfa established by clear and convincing evidence that the notice of cancellation was mailed to Ms. Spriggs at the address shown on the proof of insurance form. For the foregoing reasons, I dissent as to the reversal of the summary judgment in favor Alfa. As to the remainder of the main opinion, I concur.