LYONS, Justice.
Willetha Renee Spriggs sued Alfa Mutual General Insurance Company (“Alfa”) af *184 ter Alfa denied her claim for benefits under a homeowner’s policy that she had applied for in the course of buying her home. Alfa pleaded the defense of cancellation. Alfa claimed that it had rejected Spriggs’s application for insurance and that it had properly mailed her notice of that rejection before the occurrence of the event on which her claim for benefits was based. Spriggs also sued Compass Bank, the lender that had financed the purchase of her home and that held a mortgage on the home, alleging that Compass Bank failed to inform her that Alfa had rejected her application for insurance. The trial court entered a summary judgment for each defendant.
Spriggs appealed to the Court of Civil Appeals; that court reversed the summary judgment entered in favor of Alfa, but affirmed the summary judgment in favor of Compass Bank. Spriggs v. Compass Bank, 742 So.2d 178 (Ala.Civ.App.1997). Spriggs did not request certiorari review as to her claim against Compass Bank. Alfa petitioned for certiorari review, and we granted its petition to determine whether the Court of Civil Appeals erred in holding that a question of fact exists as to whether Spriggs received notice of the rejection of her application for insurance.
The principles of law applicable to a motion for summary judgment are well settled. To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present “substantial evidence” creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); § 12-21-12(d) Ala.Code 1975. Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In our review of a summary judgment, we apply the same standard as the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala.1997). Our review is subject to the caveat that we must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990). With that standard in mind, we review the evidence in this case.
In 1994, Compass Bank lent Spriggs money to purchase her home. As a condition of that loan, Compass Bank required Spriggs to obtain insurance on the home, and Spriggs applied for insurance with Alfa. Alfa issued her an “Evidence of Insurance Form,” which she presented at the closing of the loan to satisfy the insurance requirement. At the closing, Spriggs’s attorney gave a $350 check as payment for the first year’s premium.
Spriggs moved into her home on March 3, 1994. It was destroyed by fire on April 30, 1994. When she went to her local Alfa office to make a claim, she was informed that Alfa had rejected her application and that she had no homeowner’s insurance. Alfa further informed her that it had sent a letter to both her and Compass Bank notifying them of the rejection. Both Spriggs and Compass Bank denied ever having received a letter giving such notice.
Alfa, in its motion for summary judgment, claimed the defense of cancellation. It argued that it had canceled Spriggs’s insurance coverage — the coverage temporarily provided by the “Evidence of Insurance Form” — by rejecting her application for a homeowner’s policy; that it had rejected Spriggs’s application before her fire loss occurred; and that it had given her timely and proper notice of that rejection and cancellation. In its motion, Alfa cited Ala.Code 1975, § 27-23-25, and Hilliar v. *185 State Farm Mutual Automobile Insurance Co., 451 So.2d 287 (Ala.1984), arguing that, under § 27-23-25 and Hilliar; all it had to show in order to prove that the notice of cancellation was properly mailed to Spriggs was that it had properly mailed the notice to the address shown on Spriggs’s application.
To prove that it mailed the notice of cancellation to the address on the application, Alfa presented a copy of the letter of cancellation' — which Alfa claimed it sent to Spriggs — and Spriggs’s admission that the letter had her correct address on it. To prove that the letter was properly mailed, Alfa presented the testimony of Kim Lol-ley, a senior mail clerk employed by Alfa. Lolley thoroughly explained Alfa’s standard operating procedure in handling letters of rejection and cancellation. The Court of Civil Appeals aptly summarized her testimony:
“She stated that all 'such letters are prepared with an original and one copy, and that they are placed in a designated basket. The typed letters are then removed from the basket by either the supervisor of mail operations or a senior mail clerk and the original and the copy are examined to verify that both have the same address and date. The original is then placed in an envelope addressed to the address found on the applicant’s declaration page. The letter is then placed through a postal machine, which seals the envelope and places postage on it, and the letter is then placed in a tray supplied by the United States Postal Service. The letter is then placed on the loading dock and is picked up by the United States Postal Service. The copy of the letter is initialed to verify that the proper procedure was followed, and the copy is placed in a ‘drawer type assembly.’ When the drawer becomes full, the copies are taken to the basement and filed by date; the copies are retained for seven years. The copy of the cancellation letter to Spriggs was stamped with Lolley’s name and was date-stamped ‘February 24, 1994’ — it was offered as an exhibit to Lolley’s affidavit.”
Spriggs, 742 So.2d at 180. Alfa also produced the affidavit of one of its customer-service representatives, who stated that she returned the $350 check from Spriggs’s attorney to that attorney’s paralegal on March 9, 1994.
Spriggs, in her attempt to defeat Alfa’s motion for summary judgment, relied on her denial and on Compass Bank’s denial of receipt of notice. Alfa, again citing § 27-23-25 and Hilliar, responded with the argument that these denials were irrelevant because Hilliar and the statute restricted the required proof of notice of cancellation to proof regarding the proper mailing of the notice.
Based upon the evidence and arguments summarized here, the trial court entered a summary judgment in favor of Alfa. The Court of Civil Appeals reversed that judgment. Two judges of that court stated that although Spriggs’s denial of receipt of notice would not have been sufficient of itself to defeat the summary judgment motion, her denial and Compass Bank’s denial of receipt, taken together, were sufficient to create a question of fact as to whether the notice of cancellation was properly mailed, ie., as to whether Alfa had made •the mailing contemplated by § 27-23-25 and Hilliar. Two judges concurred in the result, one of them stating that Spriggs’s denial, by itself, was sufficient to create a question of fact. 742 So.2d at 182 (Craw-ley, J., concurring in the result).
We granted Alfa’s petition for certiorari review to clarify the apparent confusion regarding proof of mailing required by § 27-23-25 as it relates to the defense of cancellation. However, after reviewing this case, we have determined that the facts suggested by the evidence in this case do not present us with a scenario in which § 27-23-25 and Hilliar would apply. Section 27-23-25 appears in Title 27, Chapter 23, Article 2. That article is entitled “Cancellation of Automobile Lia *186 bility Insurance.” In addition, § 27-23-20(l)b.3. (another Code section appearing in that Article 2) specifically states that “this article shall apply only to that portion of an automobile liability policy insuring against bodily injury and property damage liability and to the provisions therein, if any, relating to medical payments and uninsured motorists’ [sic] coverage.” Because we are not here presented with a case involving “that portion of an automobile liability policy insuring against bodily[-]injury and property[-]damage liability,” § 27-23-25 does not apply. Cf. Security Ins. Co. of Hartford v. Smith, 360 So.2d 280 (Ala.1978) (recognizing that the article did not cover a portion of a liability policy specifically excluded by § 27-23-20). Thus, in the absence of any other statute governing notice of cancellation of insurance or rejection of an application for insurance, the outcome of this case depends on the common-law rules regarding proof of mailing.[1]
Shortly before the Legislature adopted the act that has been codified at § 27-23-25 (see Act No. 407, Ala. Acts 1971, § 485.1, approved August 25, 1971), this Court had (on July 22, 1971) decided Harrell v. Alabama Farm Bureau Mut. Cas. Ins. Co., 287 Ala. 259, 251 So.2d 220 (1971); that case held that an insurer sued for breach of contract and pleading cancellation as a defense had to prove, by clear and convincing evidence, that it properly mailed the notice of cancellation. 287 Ala. at 263-64, 251 So.2d at 224. Harrell also recognized the common-law rule that “[t]he presumption of the law is that a letter, properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by the addressee.” 287 Ala. at 264, 251 So.2d at 224-25. However, the Court qualified that presumption by stating that “[e]vidence tending to show that a letter was not received raises a question for the trier of fact as to whether the letter was mailed.” Id. For that proposition, the Court cited with approval Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66 (1929).
In Cochran, this Court stated that the common-law rule is that when the addressee denies receiving a letter, the question whether the letter was mailed and received is a jury question. The Court stated:
“A letter properly addressed, stamped, and mailed is presumed to have been received in due course. Evidence denying the receipt of the letter does not render evidence of its mailing inadmissible. Neither is conclusive. Whether it was so mailed and received becomes a jury question.”
Cochran, 219 Ala. at 83, 121 So. at 67 (emphasis added). This common-law rule is substantially different from the rule set out in § 27-23-25, which, for the policies to which it relates, limits the proof required (to show that a notice of cancellation was given by mail) to proof that the insurer properly mailed the notice “to the named insured at the address shown in the policy”; the statute makes an insured’s denial of receipt irrelevant. However, the application of the common-law rule in this case leads to the same result as that reached by the Court of Civil Appeals.
Alfa produced evidence indicating that it properly mailed the notice of cancellation, with the proper address, and that it was not returned. However, Spriggs denied receiving the notice. Under the common-law rule, her denial created a question for the factfinder to determine. Therefore, the Court of Civil Appeals properly concluded that whether Alfa mailed its notice of rejection and whether Spriggs received that notice are questions of fact for the jury. Thus, the judgment of the Court of Civil Appeals is due to be affirmed.
AFFIRMED.
*187 HOOPER, C.J., and HOUSTON, KENNEDY, COOK, BROWN, and JOHNSTONE, JJ., concur.
SEE, J., concurs in the result.
MADDOX, J., recuses himself.

. In addition, the Legislature may have deemed it wise to treat automobile liability insurance and homeowner's insurance differently.